ANGELO BONVENUTO, administrator, *vs.* WILLAIM AISENBERG & another.

Worcester.   November 16, 1926. — January 7, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Negligence*, In use of highway, Contributory, Of child. *Practice, Civil*, Requests, rulings and instructions.

At the trial of an action for causing conscious suffering and the death of a boy, the evidence was conflicting as to whether the boy was struck while on a sidewalk or when he suddenly darted out from behind a telegraph pole into the roadway and came in contact with the automobile.   The judge refused to rule, at the request of the plaintiff, that the defendant "was bound to anticipate that pedestrians would approach from the sidewalk, and . . . was bound to keep a lookout toward the side as well as the front"; that on all the evidence, "in failing to observe or look to the sides of the road," the defendant was negligent; that it "was the defendant's duty to keep a reasonably careful lookout for other travellers on the highway so that he might be able to avoid the collision," and that the intestate "was not bound to anticipate an automobile or other vehicle would run him down unless he should exercise special care, and he had a right to assume the due care toward him of other travellers."   The jury found for the defendant.   *Held*, that the judge was not required to rule in the terms requested, and that instructions, which were full and accurate, covered the requests in so far as they were applicable.

TORT for causing conscious suffering and the death of the plaintiff's intestate when he was run into by an automobile of the defendants.   Writ dated August 6, 1920.

In the Superior Court, the action was tried before *Burns*, J. Material evidence and requests by the plaintiff denied by the judge are described in the opinion.   The judge in part charged the jury as follows: "The defendant was bound to

operate his automobile with reference not only to the pedestrians and conditions he actually sees, but also to such as he should see in the exercise of reasonable care. In other words, negligence may be inferred from a failure to see a pedestrian as well as in the management of an automobile either before or after seeing him. . . . The defendant is not, as a matter of law, excused from liability for injuries to a traveller on the highway merely because the defendant did not see him until the accident." The jury found for the defendants. The plaintiff alleged exceptions.

The case was submitted on briefs.

*Nicholas Fusaro & Nunziato Fusaro,* for the plaintiff.

*M. M. Taylor,* for the defendants.

BRALEY, J. It was a question for the jury on conflicting evidence whether the plaintiff's intestate, a boy six and one half years of age, while lawfully walking on the sidewalk, was struck by an automobile operated by the defendant's servant or agent, inflicting injuries which resulted in his death, or whether the intestate suddenly darted out from behind a telegraph pole into the roadway, and came in contact with the automobile. *Murray* v. *Liebmann,* 231 Mass. 7. The question of the intestate's due care was submitted under instructions to which no exceptions were taken; but on the issue of the defendant's negligence, the plaintiff asked for the following instructions: that the defendant "was bound to anticipate that pedestrians would approach from the sidewalk, and . . . was bound to keep a lookout toward the side as well as the front"; that on all the evidence, "in failing to observe or look to the sides of the road," the defendant was negligent; that it "was the defendant's duty to keep a reasonably careful lookout for other travellers on the highway so that he might be able to avoid the collision," and that the intestate "was not bound to anticipate an automobile or other vehicle would run him down unless he should exercise special care, and he had a right to assume the due care toward him of other travellers."

The jury having returned a verdict for the defendant, it is contended that the refusal of these requests was error. But the judge was not required to rule in the terms requested,

and the instructions fully and accurately covered the requests in so far as applicable. *Day* v. *Cooley*, 118 Mass. 524. *Hennessey* v. *Taylor*, 189 Mass. 583.

*Exceptions overruled.*