## MAY C. SPAIN vs. JOHN H. OIKEMUS.

Middlesex.     March 14, 1932. — March 28, 1932.

Present: RUGG, C.J., CROSBY, WAIT, SANDERSON, & FIELD, JJ.

*Negligence,* In use of way, Contributory, Motor vehicle.

At the trial of an action by a woman against the owner and operator of an automobile for personal injuries sustained in December, when the plaintiff, who was one of a group of persons on a public way waiting to board an approaching street railway car and was nearest to the tracks, was struck by the defendant's automobile, there was evidence that the distance from the curb to the nearest rail was about twenty-three feet; that there was a deep bank of snow three feet in width next the curb and outside of that automobiles were closely parked; that, as the plaintiff stood waiting for the approaching street car, she was outside the automobiles and about ten feet from the curb; that the defendant's automobile was the only moving vehicle on the street at the time and came along beside the street car as it approached; that, although the street was slippery with ice, a widespread condition at that time, there were no chains on the automobile; that the plaintiff observed the street car when one hundred fifty or two hundred yards away and the defendant's automobile when one hundred yards away; that, as the street car began to slow down for a stop,

the defendant's automobile continued at the rate of twelve or fifteen miles an hour and, when ten or fifteen feet from the plaintiff with its front wheels in the car tracks, skidded, struck the plaintiff and crushed her against a parked automobile. *Held*, that the questions, whether the plaintiff was guilty of contributory negligence and whether the defendant was negligent, were for the jury.

TORT. Writ dated December 10, 1928.

In the Superior Court, the action was tried before *J. J. Burns*, J. Material evidence is stated in the opinion. At the close of the plaintiff's evidence, the defendant rested and moved that a verdict be ordered in his favor. The motion was denied. There was a verdict for the plaintiff in the sum of $10,000. The defendant alleged exceptions.

*L. A. Mayberry*, (*H. L. Barrett & R. J. Dunn* with him,) for the defendant.

*F. R. Mullin*, (*P. F. Spain* with him,) for the plaintiff.

RUGG, C.J. Compensation is sought in this action for personal injuries received by the plaintiff in consequence of being struck by an automobile owned and operated by the defendant. There was evidence tending to show that the plaintiff, at about nine o'clock on a sleety December morning, on the southerly side of a main highway, was awaiting an easterly bound trolley car at its regular stopping place. A deep bank of snow three or four feet in width was at the edge of the sidewalk. Automobiles were parked closely, both on the right and on the left of the plaintiff, along the side of the street next the snow, so that the plaintiff, standing two feet away from a parked automobile, was about ten feet into the street from the edge of the sidewalk. The street was icy and very slippery. The automobiles were parked so close together that it was impracticable to stand anywhere else. No one was standing on the sidewalk. A group of ten or fifteen people were together, the plaintiff being on the left and nearer the trolley car approaching from the west. The plaintiff observed the trolley car when it was one hundred fifty or two hundred yards away and later, alongside it, an automobile about one hundred yards away. The trolley car began to slow down for the stop and the automobile of the defendant

kept coming fast, at the rate of twelve or fifteen miles per hour, and, not being equipped with chains, when ten or fifteen feet or more away, its front wheels being in the car track, skidded, crushing the plaintiff against a parked automobile. The automobile skidded both toward and away from the tracks thirty or more feet, and came to a stop because of collision with a parked automobile. While the plaintiff had stood waiting, the street was free from moving vehicles save this one automobile. She was trying to watch the trolley car, saw it slackening speed, and then saw the defendant's automobile and had her eye on that. The distance from the edge of the curb or gutter to the nearest rail of the street car track at the point of the accident was about twenty-three or twenty-four feet.

There was evidence to support a finding that the plaintiff was in the exercise of due care. *Hutchinson* v. *H. E. Shaw Co.* 273 Mass. 51, and cases collected. *Quinn* v. *Miller*, 267 Mass. 84. *Durling* v. *Lamontain*, 277 Mass. 517. *McGuiggan* v. *Atkinson, ante,* 264. *McSorley* v. *Risdon, ante,* 415. It could not rightly have been ruled that the defendant sustained the burden cast on him by G. L. c. 231, § 85, of proving contributory negligence — want of due care — on the part of the plaintiff. *O'Connor* v. *Hickey*, 268 Mass. 454. *Austin* v. *Eastern Massachusetts Street Railway*, 269 Mass. 420, 423, 424. The case is distinguishable from cases like *Doyle* v. *Boston Elevated Railway*, 248 Mass. 89, and *Bradley* v. *Bay State Street Railway*, 231 Mass. 572, upon which the defendant relies.

Whether the defendant was negligent with respect to the plaintiff was on all the evidence a question of fact. The surface of the street was very slippery with ice. The evidence as to the weather warranted a finding that this was a somewhat widespread condition and not local to the particular vicinity. There were no chains on the automobile. The defendant had driven his automobile past a trolley car slowing for a stop, and into the tracks, as he was approaching a considerable number of people in readiness to board the trolley car. Toward them, of whom the plaintiff was the nearest, the defendant owed the duty of

slowing down and using every reasonable effort to avoid injury. See G. L. c. 90, § 14, as most recently amended by St. 1928, c. 166. These facts in combination warranted a finding of negligence. The defendant must have known the extreme slipperiness of the street due to natural conditions, and the absence of chains from his tires. He must have observed the people standing in the street. If he had stopped, or kept behind the trolley car, or waited until the people in the street could get within the trolley car, the accident would not have happened as it did. The mere skidding of an automobile is not evidence of the negligence of its driver. But skidding may occur in connection with other acts of omission and commission in such circumstances as to support a finding of negligence. The case at bar belongs to the latter class. *Lonergan* v. *American Railway Express Co.* 250 Mass. 30, 35. *Hennessey* v. *Moynihan*, 272 Mass. 165. *Brown* v. *Daley*, 273 Mass. 432, 434-435.

*Exceptions overruled.*