## WILLIAM GOYETTE *vs.* ALFRED J. AMOR.

Essex.    October 9, 1935. — May 25, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Negligence,* Motor vehicle, In use of way. *Proximate Cause.*

The mere facts, that a motor truck, equipped with chains, being driven in the nighttime in the center of an extremely icy and slippery road at a moderate rate of speed, skidded at a point where the road was banked, sloping to the right, and came in contact with an automobile which was parked at the right of and off the travelled part of the way, that the driver of the truck did not see the automobile until he was twenty-five feet from it and that he did not then change his course or speed nor apply his brakes, did not warrant a finding of negligence on the part of the driver of the truck.

TORT. Writ in the District Court of Peabody dated April 28, 1934.

The action was heard by *Phelan, J.*, who found for the plaintiff in the sum of $480. A report to the Appellate Division for the Northern District was ordered dismissed. The defendant appealed.

The case was submitted on briefs at the sitting of the court in October, 1935, and afterwards was submitted on briefs to all the Justices.

*W. G. Clark & C. R. Clark,* for the defendant.

*S. M. Klivansky,* for the plaintiff.

FIELD, J. This is an action of tort brought in the District Court to recover compensation for personal injuries sustained by the plaintiff as a result of an automobile, in which he was a passenger, being struck by a motor truck operated by the defendant. There was a finding for the plaintiff and a report to the Appellate Division which was dismissed, and the defendant appealed.

The evidence tended to show these facts: The plaintiff was a passenger in an automobile parked without lights on January 1, 1934, at about three o'clock in the morning — when it was dark — at the right of the road as the automobile was headed, entirely off the travelled part thereof. The plaintiff was asleep in the rear seat. The road was a three-lane cement highway twenty-four to thirty feet wide with graded shoulders. It was straight for a distance of three hundred feet back from the automobile. At the point where the automobile was parked the road was banked, sloping gradually to the right. It was extremely icy and slippery. The automobile was parked because its operator thought the road too icy to travel.

The defendant was operating a small loaded motor truck travelling in the direction in which the automobile was headed. There were no obstructions on the road and no other vehicles approaching in either direction. The truck was equipped with chains. Its lights were lighted. The truck was travelling in the center of the road at a speed of fifteen miles an hour. The defendant first saw the automobile "when he was about twenty-five to thirty feet away from it, but did not change the course of his vehicle or decrease his speed." The truck travelled along the center of the road until almost abreast of the automobile. It then "started to slide to the right on the icy road" and a small bolt on the right rear side of the truck came in contact with the left rear mudguard of the automobile. The defendant did not at any time before the contact of the vehicles apply his brakes. After such contact the truck "continued on and stopped on the right side of the road." The plaintiff was thrown from the rear seat of the automobile to the floor.

The defendant made various "requests for rulings of law," including a request for a ruling that "The evidence, taking it most favorable to the Plaintiff, does not justify a finding of negligence." The judge denied this request. In the opinion of a majority of the court the denial was error.

The evidence shows no direct cause of the accident other than the sliding to the right or skidding of the motor truck operated by the defendant. See *Mazmanian* v. *Kuken*, 285 Mass. 516, 519. And the mere skidding of a motor vehicle, unexplained, is not evidence of negligence. *Lambert* v. *Eastern Massachusetts Street Railway*, 240 Mass. 495, 499. But skidding may occur in connection with acts or omissions of the operator in such circumstances as to warrant a finding of negligence. *Spain* v. *Oikemus*, 278 Mass. 544, 547. Apart, at least, from the failure of the defendant to see the parked automobile sooner, there was no evidence of acts or omissions on his part warranting such a finding. In other respects, so far as appears, the defendant's conduct was that of a reasonably prudent man. There was no evidence that the motor truck was defective or without chains, as in *Lonergan* v. *American Railway Express Co.* 250 Mass. 30, that it was travelling at a high rate of speed, or that the brakes were applied suddenly, as in *Arnold* v. *Brereton*, 261 Mass. 238, *Hiller* v. *Desautels*, 269 Mass. 437, and *Hennessey* v. *Moynihan*, 272 Mass. 165. On the evidence the cause of the skidding remains unexplained by any negligent act or omission of the defendant. Furthermore, there was no evidence that the motor truck was travelling out of its proper course or, as in *Hennessey* v. *Moynihan*, 272 Mass. 165, and *Spain* v. *Oikemus*, 278 Mass. 544, that there were people in the highway whose presence there required the defendant to stop or to slow down. And there is nothing in the evidence to show that the defendant, if he had seen the parked automobile sooner, by the exercise of reasonable care could have controlled the motor truck so as to prevent its skidding, striking the parked automobile or injuring the plaintiff. Whether the defendant's failure to see the parked automobile sooner caused or contributed to the accident was purely conjectural. More-

over, such failure could not have been found to have been negligent toward the plaintiff since the finding was not warranted that injury in some form to a person in the position of the plaintiff was a probable consequence of such failure on the part of the defendant to see the parked automobile sooner.  See *Hill* v. *Winsor*, 118 Mass. 251, 258–259; *Perlman* v. *Burrows*, 270 Mass. 182, 184; *Texeira* v. *Sundquist*, 288 Mass. 93, 94; Am. Law Inst. Restatement: Torts, § 281, (b), Comment (c).

The order of the Appellate Division dismissing the report is reversed and, since a correct disposition of the defendant's request herein considered would have disposed of the case in favor of the defendant, judgment is to be entered for the defendant.  G. L. (Ter. Ed.) c. 231, §§ 124, 141.  *Beggelman* v. *Romanow*, 288 Mass. 14, 20.

                                                    *So ordered.*