No. 955 Southern Plymouth, ss.

ROBINSON (Edmund R. Dewing)
v. SAUER (H. W. Hazen—Edmund J. Campbell)

From the Third District Court of Plymouth—Briggs, J.
Argued Dec. 10, 1941—Opinion filed Jan. 14, 1942

ESTES, A. P. J. (Rowe, J., and Rollins, J.)—The plaintiff sues in tort for personal injuries sustained on September 25, 1940. The trial court filed findings as follows:

"I find that on the day in question the plaintiff was operating an automobile in a westerly direction on High Street, in Hingham, being accompanied by her husband, the owner of said automobile; that said High Street is a main thoroughfare, and is intersected by Ward Street, which enters it from the South; that the defendant was entering said High Street from the plaintiff's left.

"I find from conflicting evidence that the car operated by the plaintiff passed through the intersection and was struck at its left rear part by the car operated by the defendant which continued on past it, scraping it as it proceeded; that the impact was responsible for and caused a loss of control, resulting in a collision of the car with a pole and the injuries complained of. .

"I find that the plaintiff was operating on her right-hand side of the road, and at the proper rate of speed; that she was in the exercise of due and sufficient care; that while she did not see any car on Ward Street prior to entering the intersection, she looked for any traffic that might be there and was paying attention to all road conditions. I find from conflicting evidence that the failure of the plaintiff to observe the car of the defendant in no way contributed to the accident.

"I find from conflicting evidence that the automobile operated by the defendant approached High Street and entered thereon at a rate of speed that was unsafe and improper under the conditions existing, and that she negligently failed to observe traffic conditions before proceeding on said High Street; that after entering the intersection her speed was such that she overtook the car operated by the plaintiff, which had passed through and struck it from the rear, ran on by it and

caused the injuries complained of. I find that she was negligent," and found for the plaintiff.

The defendant filed two requests. The Court gave the first, which was that "there is evidence to warrant a finding of contributory negligence on the part of the plaintiff." He added that "the evidence, however, does not compel a finding of contributory negligence on the part of the plaintiff, and I find from conflicting evidence that she was not guilty of contributory negligence." He denied the second request, and said "see findings of fact."

The plaintiff filed five requests for rulings on which the Court did not act.

The defendant claims to be aggrieved "by the rulings made," and by the failure of court to follow the rulings allowed, and by the court's refusal to rule on the plaintiff's requests for rulings.

I. 1. The defendant maintains that she proved, by a fair preponderance of the evidence, that the plaintiff was guilty of contributory negligence; that the court erred in ruling that there was evidence to "warrant" such a finding, but that it did not "compel" it. She argues that there is a material difference in saying "compel" instead of "require." We see no merit in this contention. Whether the words "warrant" or "permit," "require" or "compel" are used, the result is the same. They apply to a situation in which the court, as a fact finding tribunal, may believe or not believe evidence that is given, and may find or refuse to find certain facts on such evidence. Chief Justice Bolster, in the case of *Dr. Donati* v. *Boston Elevated Railway Co.* reported in BTL, March 22, 1937, at page 149 said "The plaintiff fails to discriminate between evidence which permits a finding and evidence which compels a finding." The defendant in the instant case likewise fails to so discriminate, nor does she seem to comprehend that, in the circumstances used, the word "compel" means no more than "require."

2. The defendant contends that the denial of her second request, viz: that "the plaintiff has not sustained the burden of proving by a fair preponderance of the evidence that the defendant was negligent," was error. She argues that the court, on the evidence, could reach no other logical conclusion than that both parties were negligent, or that both were in the exercise of due care. The same reasoning given above applies to this contention. The defendant argues that the court did not follow his ruling by finding that the plaintiff was not negligent, but found that the defendant was, because he ruled that he was not compelled to find that the plaintiff was negligent. The fallacy of this argument is that the defendant, intentionally or otherwise, "fails to discriminate" between a ruling of law and a finding of facts. *Goyette* v. *Amer,* 294 Mass. 355, cited by the defendant is not in point.

3. The findings filed by the court show that he properly considered the questions argued by the defendant concerning the right of way rule, and the failure of the plaintiff to see the defendant.

II. Whether or not the failure to act on the plaintiff's requests for rulings was a denial of them or whether the defendant is a party aggrieved by their denial, (*Kraretz* v. *Lipofsky*, 294 Mass. 80), or the court's failure to act, (*Bresnick* v. *Heath*, 292 Mass. 293), no harmful error appears. The court made full written findings of facts. He disclosed by these findings the law and the facts on which he made his findings. The law was correct and the findings of facts justified on the conflicting evidence. *Bresnick* v. *Heath, supra* and cases cited; *Shockett Adm.* v. *Akeson*, Mass. Adv. Sh. (1941) 1739 (28 BTL 27).

No harmful error appearing, the order is report dismissed.