MARY M. SHERWOOD *vs.* MINNIE E. RADOVSKY.

Suffolk.    October 4, 1944. — December 1, 1944.

Present: FIELD, C.J., LUMMUS, QUA, RONAN, & SPALDING, JJ.

*Negligence*, Motor vehicle, Use of way.

A finding of negligence of the operator of an automobile was not warranted by evidence merely that it skidded on an icy and slippery road and collided with another, stationary automobile, pushing it about three feet.

TORT. Writ in the Municipal Court of the City of Boston dated April 7, 1943.

Upon removal to the Superior Court, the action was tried before *Baker*, J.

*T. H. Mahony*, for the defendant.

*J. W. Vaughan*, for the plaintiff.

SPALDING, J. In this action of tort the defendant rested at the conclusion of the plaintiff's evidence and made a motion for a directed verdict which was denied subject to her exception. The jury returned a verdict for the plaintiff.

It could have been found that on March 3, 1943, at about 11:30 A.M., the plaintiff was a passenger in an automobile owned by her and operated by her husband which had collided with an automobile which was referred to in the testimony as the "Boudreau car." The collision occurred on Huntington Avenue, Boston, near the intersection of Louis Prang Street. The "Boudreau car," after the collision, was

four or five feet from the intersection and was facing the curbing "a little diagonally." The plaintiff's automobile also faced toward the curbing in a somewhat similar position. After the collision the plaintiff and her husband got out of the automobile in which they had been riding and talked to the operator of the "Boudreau car," the plaintiff standing in a space of about two feet between the rear fenders of the two automobiles.

While the plaintiff was thus engaged, an automobile alleged to have been operated by the defendant (which for convenience will be hereinafter referred to as the defendant's automobile) in "slurring around"[1] struck the right rear fender of the plaintiff's automobile with its right rear fender. After the impact the defendant's automobile came to rest heading in the opposite direction from that in which it had been going. The plaintiff's automobile, as a result of the collision, was pushed about three feet, and the plaintiff, who "was jammed between the two cars," was injured.

The accident happened on the north side of Huntington Avenue which was reserved for one-way (west-bound) traffic. The space between the curbing and the reservation which separates the west-bound lane from the east-bound lane was twenty feet. It had been "snowing or raining" earlier in the day and the "roadbed was very slippery, . . . conditions were bad, [and] it was icy."

The denial of the defendant's motion for a directed verdict was error.

Since it does not affect the result, we assume, without deciding, that the defendant was sufficiently identified as the operator or owner of the automobile involved in the accident. The evidence fails to show that the plaintiff was injured by any negligence of the defendant or of anyone for whose conduct she was legally responsible. It has been held repeatedly by this court that "the mere skidding of a motor vehicle, unexplained, is not evidence of negligence." *Goyette* v. *Amor*, 294 Mass. 355, 357. *Folan* v. *Price*, 293 Mass. 76, 78. *Lambert* v. *Eastern Massachusetts Street*

---

[1] We construe this to mean (as the plaintiff does in her brief) that the defendant's automobile skidded.

*Railway,* 240 Mass. 495, 499. *Kelleher* v. *Newburyport,* 227 Mass. 462, 464. *Williams* v. *Holbrook,* 216 Mass. 239. In the case at bar the evidence disclosed nothing bearing on the question of negligence beyond the fact that the defendant's automobile on an icy day skidded into the plaintiff's automobile and pushed it about three feet. It is true that skidding may occur in connection with other acts or omissions of the operator of an automobile in such circumstances as to warrant a finding of negligence. *Spain* v. *Oikemus,* 278 Mass. 544, 547.' *Hennessey* v. *Moynihan,* 272 Mass. 165. But on the evidence here the cause of the skidding remains unexplained by any negligent act or omission of the defendant. *Goyette* v. *Amor,* 294 Mass. 355.

The defendant's exceptions are sustained and pursuant to G. L. (Ter. Ed.) c. 231, § 124, judgment is to be entered for the defendant.

*So ordered.*