EUSEBIO DASILVIA *vs.* WILLIAM DALTON
(and a companion case [1]).

Bristol.    October 27, 1947. — December 3, 1947.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Negligence*, Motor vehicle, Contributory.

Evidence, that the operator of a motor truck started it and turned it to
the right, striking and injuring one who had been assisting him by
sanding the driving surface of the way and who he knew or should
have known had passed around in front of the truck and was at its
right side between it and a snow bank a few feet away, warranted a
finding of negligence on the part of the operator and did not require
a ruling of contributory negligence on the part of the one so injured.

TWO ACTIONS OF TORT.    Writs in the Third District Court
of Bristol dated August 28, 1941.

On removal to the Superior Court, the cases were tried
before *Goldberg*, J.

*W. J. Fenton*, for the defendants.

*G. W. Walsh*, for the plaintiff.

WILLIAMS, J.    These are two actions of tort against the
operator of a motor truck and his employer for personal
injuries received in an accident in New Bedford on February
16, 1940.    No question of agency is involved.    Dalton, the
operator, was driving a "straight job," not a trailer, about
twenty-two feet long and eight and one half feet wide overall,
with a box body.    The truck had been driven to the Naushon
Mill and was backed up against the loading platform.    A
heavy fall of snow had been cleared for a space of twelve
feet in width to enable trucks to reach this platform.    It
was about five o'clock in the afternoon, the truck had been
loaded, and Dalton was in his seat on the left of the truck.
He attempted to start and the rear wheels spun around
on the icy surface of the mill yard.    The plaintiff was em-

---

[1] The companion case is by the same plaintiff against Hemingway Brothers
Interstate Trucking Company.

ployed at the mill and was ordered by his foreman to assist
Dalton to get traction by throwing sand and sawdust under
the rear wheels. Having done this, the plaintiff started
for the supply room with a partly emptied pail of sand and
sawdust. He went from the left side of the truck around
in front and as he passed he saw the driver in his seat ready
to start, although the engine was not then running. It
started to run "just about when he crossed in front." He
continued along the right side of the truck toward the
supply room. He was beyond the driver's vision near the
middle of the right side of the truck and between it and a
snow bank when the truck started up, striking him and
causing him to slide under the rear wheels. As it started
the truck turned to the right to go around the corner of
the mill building. The jury would have been warranted in
finding the facts to be as above stated. They returned a
verdict in each case for the plaintiff. The defendants have
excepted to the denial of motions for directed verdicts in
their favor.

The jury could have found Dalton negligent in starting
his truck and turning to the right when he knew or should
have known the position in which the plaintiff was then
placed. *Buckman* v. *McCarthy Freight System, Inc.* 320
Mass. 551. *Reed* v. *Union Street Railway*, 320 Mass. 706.
*Campbell* v. *Cairns*, 302 Mass. 584.

The plaintiff was not guilty of contributory negligence
as matter of law, although he knew that the operator in-
tended to start and that normally the truck would turn
to the right. He had a right to expect that the operator
would exercise a reasonable degree of care for his (the
plaintiff's) safety. *Snow* v. *Boston Elevated Railway*, 303
Mass. 420. This is not a case where the only permissible
conclusion is that the plaintiff suddenly stepped from a
place of safety to a place of danger in front of a moving
vehicle. *Hughes* v. *Iandoli*, 278 Mass. 530. *Nicholson* v.
*Babb*, 304 Mass. 216.

Other exceptions of the defendants to the denial of motions
for continuance before trial and the denial of motions for
new trials have not been argued.

*Exceptions overruled.*