ROBERT BARRY *vs.* WILLIAM PANICH.

Middlesex. March 8, 1949. — April 6, 1949.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & WILLIAMS, JJ.

*Negligence,* Motor vehicle, Contributory, Use of way. *Practice, Civil,* Requests, rulings and instructions, Charge to jury.

Upon evidence that the operator of a motor truck, which had stopped temporarily five or six feet from a boy who was kneeling on the grating of a catch basin seeking to recover a ball therein, knew or ought to have known of the boy's presence but nevertheless started the truck without warning, and that the boy, when he heard the truck start, tried to get up but was struck before he could move, a finding of negligence of the operator was warranted, and a finding of contributory negligence of the boy was not required.

The denial of a request for a ruling based on one view of conflicting evidence disclosed no error.

It was a matter within the discretion of the judge presiding at the trial of an action of tort for personal injuries, where the evidence did not require a finding of contributory negligence of the plaintiff, to determine whether he would leave that issue to the jury with general instructions sufficiently treating the subject, or, pursuant to requests for rulings, would also direct the jury's attention to specific matters involved in that issue.

TORT. Writ in the Superior Court dated April 16, 1947. The case was tried before *Pinanski,* J.

*J. P. Sullivan,* for the defendant.

*G. J. Tauro,* for the plaintiff.

RONAN, J. The plaintiff, a boy nearly sixteen years of age, was kneeling on the grating of a catch basin located by the edge of a public way in Malden in the early afternoon of April 12, 1947, endeavoring by means of a broom stick to get a baseball out of the catch basin when he was struck and run over by the defendant's laundry truck. The plaintiff had a verdict.

The exception to the denial of the defendant's motion for

a directed verdict requires us to examine the evidence in the light most favorable to the plaintiff and to decide whether the evidence was sufficient to make out a case for the jury. The evidence was adequate to establish the following facts. The plaintiff had been kneeling upon the grating with his face a few inches therefrom for four or five minutes when he saw the defendant's truck slowly approaching from his right and on its right side of the street. The truck stopped five or six feet from the grating. The plaintiff was then kneeling on the grating. The operator got out of the left door of the truck, walked in front of the truck on or close to the grating, crossed the sidewalk and travelled along a path forty-four feet long which led to a house at which he delivered a garment. The catch basin was in front of this house. The operator returned by way of this path which led to the sidewalk at a point nearly opposite the catch basin. As the operator was returning to his truck the plaintiff, who was still trying to recover the ball, was in full view. The operator got into the truck, made out a credit slip, entered some notation on a tally sheet, looked at some paper to ascertain his next stop and then, without any warning, started the truck and ran over the plaintiff. The operator knew or ought to have known of the presence of the plaintiff at the time he started the truck although he might have temporarily forgotten the plaintiff by reason of the various entries he made upon the credit slip and tally sheet. The plaintiff, as he was kneeling on the grating a few minutes after the truck had stopped, saw "some feet go by from the corner of his eye on the left hand side" and within a few seconds he heard something; he tried to get up but, before he could move, the truck struck him; he heard the truck start up and although he tried to jump out of the way he was unable to do so.

The starting up of the truck without any warning, when, as the jury could have found, the operator knew or ought to have known of the plaintiff's presence on the grating only a few feet ahead of the truck, could be found to be negligent. *Dowd* v. *Tighe*, 209 Mass. 464, 466. *Slora* v. *Streeter*

& Sons Co. 264 Mass. 586. St. Pierre v. Hathaway Baking Co. 296 Mass. 455. Capano v. Melchionno, 297 Mass. 1, 8. Falzone v. Burgoyne, 317 Mass. 493.

The plaintiff could rely to some extent upon the belief that the operator would exercise some care in starting up the truck. Upon the evidence it could be found that he did not depend entirely upon the operator to avoid hitting him for, as soon as he heard the starting of the truck, he immediately but unsuccessfully endeavored to get out of its path. It could not be ruled as matter of law that he was contributorily negligent. Scanlon v. Berkshire Street Railway, 215 Mass. 554. Dube v. Keogh Storage Co. 236 Mass. 488. Reynolds v. Murphy, 241 Mass. 225. Ferrairs v. Hewes, 301 Mass. 116.

Apart from what has just been said, which really covers all the underlying issues, we proceed to deal with an exception to the charge and to the denial of four requests for instructions.

The judge was not in error in directing the jury's attention to the question whether or not the operator could see the plaintiff after the operator entered the truck, and in denying the defendant's fourth request for a ruling that there was no evidence that he could see him and that the operator was not thereafter negligent in the operation of the truck. The jury saw the operator and could determine his height. They had the testimony of a police officer, who was five feet ten and one half inches tall, that he could see the edge of the grating as he sat in the truck located as it was just before it started up. The plaintiff at the time of the accident weighed one hundred sixty-five pounds and the jury could find that some portion at least of the body of a boy of this size kneeling upon the grating would project far enough above the ground, if the edge of the grating could be seen, so that the operator could have seen him before he started the truck. The evidence as to the extent of the operator's vision was conflicting and the defendant has no good exception to the denial of a request for a ruling based upon a fact assumed to be true, but which was really in dispute.

*Liberatore* v. *Framingham*, 315 Mass. 538, 543. *Bartley* v. *Phillips*, 317 Mass. 35, 38.

The third, fifth, and tenth requests dealing with contributory negligence of the plaintiff were properly denied for various reasons, only one of which we need discuss. This subject was adequately covered in the instructions to the jury. It was a matter of discretion for the trial judge as to whether he would leave that issue to the jury with general instructions sufficiently treating the subject or whether he would also direct the jury's attention to specific matters involved in that issue. *Buckley* v. *Frankel*, 262 Mass. 13, 15, 16. *Commonwealth* v. *Polian*, 288 Mass. 494, 499. *Gregory* v. *Maine Central Railroad*, 317 Mass. 636, 641. *DeChene* v. *Willard*, 320 Mass. 324, 325-326. *Perry* v. *Boston Elevated Railway*, 322 Mass. 206, 207.

*Exceptions overruled.*