INNOCENZO LOFFREDO *vs.* L. NELSON & SONS TRANSPORTATION CO. & others.

Essex.     October 5, 1949. — November 10, 1949.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & COUNIHAN, JJ.

*Negligence,* Motor vehicle, Contributory.  *Evidence,* Presumptions and burden of proof.

Evidence of the circumstances in which a pedestrian, in a passageway between two buildings occupied by a parked motor truck except for a space about five feet wide on one side of the truck and a space eighteen to twenty-four inches wide covered with a snow bank eighteen inches high on the other side of the truck, was injured when the truck started and struck him as he was walking through the narrower of such spaces, warranted a finding that the operator of the truck was negligent in failing to see him and to avoid the accident, and did not require a ruling that he was guilty of contributory negligence.

A jury's rejection, as shown by their answer to a special question, of certain testimony given by the plaintiff favorable to himself would not preclude a verdict in his favor if it was warranted by the rest of his testimony or other evidence.

TORT.  Writ in the Superior Court dated October 7, 1946.

The action was tried before *Morton,* J., who denied motions by the defendants for directed verdicts.  There was a verdict for the plaintiff against each defendant.  The defendants alleged exceptions.

*M. T. Prendergast,* for the defendants.

*H. N. Steinberg,* (*C. R. Clark* with him,) for the plaintiff.

RONAN, J.  At about two thirty o'clock on the afternoon of December 4, 1945, a tractor and trailer loaded with wool backed seventy-five feet from the street into a mill yard and up to the receiving door of the mill, leaving a space of five feet between the left of the truck as it was headed and a building and a space of eighteen to twenty-four inches between the right side of the truck and another building. This latter space was covered with a snow bank eighteen

inches high and was used as a passageway for employees of the mill who worked in a building to the rear of that in which the wool was received. The plaintiff, a mill employee, entered the mill yard, registered on the time clock, and walked along the yard toward the truck, and, while passing between the right hand side of the truck and the building, was struck as the truck started when he was near the rear right corner of the tractor, was thrown down, and sustained a broken leg by reason of a wheel of the truck passing over it. The driver after unloading the wool passed along the left side of the truck, got into the cab, "started off" toward the street, and stopped when he heard someone shout. The cab of the tractor was equipped with a mirror on each side but he did not remember whether he looked into the right hand mirror before he started the truck. He did not see the plaintiff until after the accident. Although the mill operated with a shift of employees at three o'clock, the driver did not see anyone in the yard when he started the truck other than the employee who opened the street gate for him to enter. On previous occasions he had seen employees entering and leaving the yard in coming to and going from their work, and he had seen employees time and time again travelling along the spaces which were located on the right and left of the truck when it had occupied the same place on other days. The only exceptions are to the refusal to grant motions for directed verdicts.

The jury could find that the operator was in the cab of the tractor as the plaintiff approached the front of the tractor or as he passed the right front of the tractor and when he was walking on a pile of snow eighteen inches high, as the tractor started up almost immediately thereafter or within the short time it took the plaintiff to walk to the rear right corner of the tractor; that just before the operator started the truck the plaintiff was in full view of the operator; and that he ought to have seen the plaintiff and delayed starting until he knew the plaintiff had passed the trailer. His failure to see the plaintiff and to avoid the accident could be found to be negligent. *Capano* v. *Melchionno,* 297

Mass. 1, 7. *Buckman* v. *McCarthy Freight System, Inc.* 320 Mass. 551. *Reed* v. *Union Street Railway*, 320 Mass. 706. *DaSilvia* v. *Dalton*, 322 Mass. 102. *Barry* v. *Panich*, 324 Mass. 162.

The defendants could be found not to have sustained the burden of proving contributory negligence of the plaintiff. It could be found that the top of the snow was "pretty well straightened out"; that the plaintiff did not slip on the snow; that he was using a passageway regularly used by employees in going to work; that it was not dangerous to proceed along the passageway in daylight; and that he could rely to a certain extent upon the careful operation of the truck. *Campbell* v. *Cairns*, 302 Mass. 584, 586. *Mello* v. *Peabody*, 305 Mass. 373, 375. *Hayes* v. *Boston Fish Market Corp.* 319 Mass. 556, 559.

The plaintiff is not barred from recovery because the jury, in answer to a special question submitted to them, indicated that the operator was not standing by the right side of the hood of the tractor as the plaintiff approached, as the plaintiff testified. The jury could reject this part of the plaintiff's testimony and accept such other portions of it as they deemed were entitled to credence, together with all the other evidence, and determine the manner in which the accident occurred. The rejection of this part of his testimony did not prevent him from relying upon other testimony, from whatever source it came, which was more favorable to him in establishing the negligence of the operator. *Whiteacre* v. *Boston Elevated Railway*, 241 Mass. 163, 165–166. *Horneman* v. *Brown*, 286 Mass. 65, 70–71. *Lydon* v. *Boston Elevated Railway*, 309 Mass. 205, 206–207. *Noble* v. *Greenbaum*, 311 Mass. 722, 725. *Gleason* v. *Mann*, 312 Mass. 420, 423. *Duff* v. *Webster*, 315 Mass. 102, 103.

*Exceptions overruled.*