*Fourth District Court of Eastern Middlesex*

No. 904 of 1954

*Northern District*

No. 4899

## WILLIAM J. GLAVINE

### v.

## CLARENCE GAUDETTE

(February 17, 1956)

*Gadsby, P. J.* This is an action of tort in which the plaintiff seeks to recover for property damage to his automobile allegedly caused by the negligence of the defendant. The defendant's answer is a general denial and contributory negligence.

*There was evidence tending to show that* on June 2nd, 1954 the plaintiff had parked his automobile near the edge of the southbound lane of Route 128, near an overpass which was being repaired at the intersection of Route 3. At the time of the alleged collision, the defendant was operating a trailer truck Southerly on Route 128, having delivered a load in Maine, and at the time he was returning to his home in Rhode Island. The truck at that time was empty. It had been raining rather hard most of that day until one or two minutes prior to the time the defendant approached the said overpass.

Upon approaching the overpass, the defendant noticed that there was work being done on it, and for a distance of some two hundred yards prior to reaching the overpass, noticed signs in the right lane of the roadway stating, "Caution. Slow down. Construction ahead". Upon observing these signs, the defendant who had been travelling at a speed of approximately 35 miles per hour, steered into the left lane, which was the only lane open to traffic and where the speed was limited to 20 miles per hour, reduced his speed so that he was proceeding at not more than 12 miles per hour, and he continued to approach the overpass at that speed.

The defendant further testified that as he approached the overpass on which the men were working, he saw the whole crew "make a mad dash and scrambled off the staging," even the police officer. The defendant said he thought he saw something falling from the bridge, or overpass. At this point, the police officer, stationed under the overpass, and who was directing traffic, signalled the defendant to come ahead. Upon receiving this signal, the defendant let his brakes go, stepped on the gas and proceeded through the underpass and continued Southerly along Route 128 in the direction of Rhode Island.

After proceeding several miles beyond the overpass the police officer who had signalled the defendant to come ahead, drove along side of the defendant's

truck and ordered him to stop at the side of the road. This the defendant did. Upon coming to a stop, the police officer said to the defendant, "Don't you know that you struck a car which was parked near the overpass?". To this the defendant replied, "No". Whereupon the police officer said to him, "The rear part of your trailer skidded and struck the (plaintiff's) automobile which was parked by the side of the road".

Following this, the defendant returned to the overpass, with the police officer, where skid marks were observed as well as an oily substance which was on the road. The defendant testified he had not seen the plaintiff's car prior to that time.

The defendant duly made the following requests for rulings:

1. On all the evidence a finding for the plaintiff is not warranted.

2. On all the law a finding for the plaintiff is not warranted.

3. If the evidence indicates that the truck operated by the defendant skidded, and as a result of said skid collided with a motor vehicle owned by the plaintiff, that is not by and of itself evidence of negligence on the part of the defendant.

The Court denied the defendant's requests numbered 1 and 2 and allowed his request numbered 3. The Court found for the plaintiff in the sum of Seven Hundred Dollars ($700).

The defendant claims error because of the refusal of the Court to allow his requests numbered 1 and 2.

These requests should have been granted because the evidence shows no direct cause of the accident other than the mere fact that the truck operated by the defendant skidded.

It is clear that the mere skidding of a motor vehicle unexplained is not evidence of negligence.

*Lambert v. Eastern Mass. St. Railway,* 240 Mass. 495, 499; *Sherwood v. Radovsky,* 317 Mass. 307, 308.

Apart from the failure of the defendant to see the parked automobile of the plaintiff's sooner, there was no evidence of acts or omission on his part warranting such a finding. The defendant's conduct showed no negligence. There was no evidence of improper operation or improper speed or that the defendant's truck was traveling out of its proper course. As a matter of fact, the defendant was guided by a police officer directing traffic.

The only remaining question is whether under the circumstances the failure of the defendant to see the parked automobile sooner was a cause of the accident. There is nothing in the evidence to show that the defendant, if he had seen the parked automobile sooner by the exercise of reasonable care, could have controlled his motor vehicle so as to prevent its skidding and striking the parked car of the plaintiff. In short, whether or not the defendant's failure to see the parked automobile sooner, caused or contributed to the accident was purely conjectual. Therefore, there was no evidence which would warrant the trial judge in submitting any question of fact to himself as the jury. *Goyette v. Amor,* 294 Mass. 355, 357.

The finding for the plaintiff is reversed and a finding ordered to be entered for the defendant.

Moss and Cramer, for the plaintiff.

Widett and Kruger, for the defendant.