JAMES SALAH *vs.* GLOUCESTER AUTO BUS COMPANY.

Essex.   January 5, 1956. — February 29, 1956.

Present: QUA, C.J., RONAN, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Negligence,* Motor vehicle, Contributory, Use of way.   *Practice, Civil,*
   Charge to jury.

A finding of negligence on the part of the operator of a motor bus was
   warranted by evidence that, after approaching a parked automobile
   from behind and stopping "alongside" and close to its owner as he
   stood on the street side of the automobile cleaning snow from its
   windshield, the operator of the bus "gunned" its motor, causing
   the bus to start abruptly, to skid on the slippery street and to strike
   the owner of the automobile.   [604]
Evidence that the owner of a parked automobile standing on its street
   side cleaning snow from its windshield turned back toward his auto-
   mobile after a motor bus stopped "alongside of" him about two feet
   away and its operator yelled at him did not require a finding that negli-
   gence on his part contributed to injuries he received when the bus
   started, skidded and struck him.   [604]
Error, if any, in the charge of a trial judge that if the jury found certain
   facts there was negligence on the part of the defendant was cured by
   a supplementary statement by him that it was for the jury to de-
   termine whether or not there was negligence on those facts.   [605]

TORT.   Writ in the Superior Court dated March 8, 1952.
The action was tried before *Dewing, J.*

*Michael T. Prendergast, (Melvin I. Bernstein & Warren S.
Shine* with him,) for the defendant.

*Hubert C. Thompson,* for the plaintiff.

WILLIAMS, J.   In this action of tort to recover for per-
sonal injuries the evidence of the plaintiff was substantially
as follows.   On the evening of February 27, 1952, he parked
his automobile on Bass Avenue in Gloucester, with its right
wheels "practically up against the curbstone," and made a
social call near by.   When he returned to the automobile it
was snowing and there was an inch of snow upon the ground.
Bass Avenue was about twenty-eight feet three inches wide.

Across the street from the automobile was a snow bank. The plaintiff had a shovel, which he rested against the automobile on the street side, and while standing on that side proceeded to clean the windshield. A bus of the defendant, which was on its regular route, approached from behind the automobile and stopped "when it was alongside of him." The right front door of the bus was then about three feet from the automobile and two feet from the plaintiff. The bus driver yelled, "Get out of the way with the shovel before I knock it out of the way." The plaintiff laughed and turned back toward his automobile. He heard the motor of the bus "gunned" and, as the bus started, it swerved and slid toward him. He was struck by some part of the bus, but not the front part, and was injured. There was evidence for the defendant that the bus did not stop but, passed the plaintiff at a rate of five miles per hour and that it did not hit him. The bus driver testified that he went into the snow bank to his left to get away from the shovel; that he had clearance of about three feet; and that his bus did not slide. The defendant excepted to the denial of its motion for a directed verdict, to a portion of the judge's charge, and also to the charge as a whole. There was a verdict for the plaintiff.

There was no error in submitting the case to the jury. There was evidence that the plaintiff was struck by the bus. Whether the collision was caused by the negligence of the bus driver was a question of fact. If the jury found that the bus skidded on the slippery street because of an abrupt start of the bus due to the gunning of the motor, a finding of negligence on the part of the driver would have been warranted. *Levin* v. *Twin Tanners, Inc.* 318 Mass. 13, 15. *McKeague* v. *Henry Jenkins Transportation Co. Inc.* 323 Mass. 404. Plainly it could not have been ruled as matter of law that negligence of the plaintiff barred his recovery.

The defendant's exception to the charge as a whole was on the ground that it unduly emphasized the contentions of the plaintiff and was in the nature of an argument for that party. We cannot agree. In our opinion the issues of fact

were fairly stated by the judge and the jury adequately instructed in the law.

The defendant also excepted specifically to that part of the charge where the judge stated that if "you find that the application of gas or the gunning was unreasonable under all the conditions and that that is what caused the skidding, then I charge that if you do find those to be the facts that that is negligence on the part of the defendant." After the judge's attention had been directed to this statement he told the jury that he wished to review that portion of his charge and said, "It is for you to determine, irrespective of what I have said . . . whether or not the operation by the bus driver was negligence. It is for you to determine, whether if you find that the bus driver did apply an excessive amount of gas . . . such operation was negligence, and . . . whether or not that operation by the bus driver in starting up or increasing speed after he spoke to the plaintiff . . . caused the skidding of the bus and whether or not that was negligence."

If there was error in the original charge it was cured by the supplementary statement.

*Exceptions overruled.*