WILLIAM J. GLAVINE *vs.* CLARENCE GAUDETTE.

Middlesex.    November 7, 1956. — December 10, 1956.

Present: WILKINS, C.J., RONAN, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Negligence,* Motor vehicle.

Evidence merely that "the rear part of" an empty trailer truck had
    "skidded and struck" an automobile parked near the edge of the
    highway and near an overpass under repair did not warrant a finding
    of negligence of the operator of the trailer truck.

TORT.    Writ in the Fourth District Court of Eastern
Middlesex dated October 11, 1954.

The action was heard by *Henchey,* J.

*Jack J. Moss,* for the plaintiff, submitted a brief.

No argument nor brief for the defendant.

CUTTER, J.    This is an action of tort, brought in the Dis-
trict Court, to recover for property damage to the plaintiff's
automobile.    There was a finding for the plaintiff.    On a
report containing all the material evidence, the Appellate
Division ruled that there was no evidence which would war-
rant the trial judge "in submitting any question of fact to
himself as the jury," reversed the finding for the plaintiff
and ordered a finding entered for the defendant.

On June 2, 1954, the plaintiff had parked his automobile
near the edge of the southbound lane of Route 128, near an
overpass which was being repaired at the intersection of
Route 3.    The defendant was operating an empty trailer
truck southerly on Route 128, and was returning to Rhode
Island from a trip to Maine.    It had been raining hard most
of that day until one or two minutes prior to the time the
defendant approached the overpass.    The defendant no-
ticed that work was being done on the overpass, and, some
two hundred yards prior to reaching it, observed signs in
the right lane of the roadway stating, "Caution.    Slow

down. Construction ahead." The defendant, who had been travelling approximately thirty-five miles an hour, steered into the left lane, the only lane open to traffic, and reduced his speed to twelve miles an hour. In that lane the speed was limited to twenty miles an hour.

As the defendant approached the overpass on which men were working, he saw the whole crew "make a mad dash and scramble off the staging," and thought he saw something falling from the overpass. However, the police officer, stationed under the overpass to direct traffic, signalled the defendant to come ahead. Upon receiving this signal, the defendant let his brakes go, stepped on the accelerator, proceeded through the underpass and continued along Route 128 toward Rhode Island. Several miles beyond the overpass the police officer, who had signalled the defendant to come ahead, drove alongside of the defendant's truck and ordered him to stop at the side of the road. He then told the defendant that the trailer had struck an automobile which was parked near the overpass, that "the rear part of" his trailer had "skidded and struck" the plaintiff's automobile. The defendant returned to the overpass, with the police officer, where skid marks were observed as well as an oily substance which was on the road. The defendant testified he had not seen the plaintiff's automobile prior to that time.

The defendant seasonably made the following requests for rulings: "1. On all the evidence a finding for the plaintiff is not warranted. . . . 3. If the evidence indicates that the truck operated by the defendant skidded, and as a result of said skid collided with a motor vehicle owned by the plaintiff, that is not by and of itself evidence of negligence on the part of the defendant." The trial judge denied the defendant's first request and allowed his third request.

The order of the Appellate Division was correct. The evidence shows no direct cause of the accident other than the skidding of the truck operated by the defendant, which in and of itself, unexplained, is not evidence of negligence. *Sherwood* v. *Radovsky*, 317 Mass. 307, 308–309, and cases

cited. Compare *Costello* v. *Hansen,* 327 Mass. 264. There is no testimony that the defendant was proceeding at an unreasonable speed. That a police officer overtook him some distance from the overpass is not evidence of high speed, for the officer may not have discovered the injury to the plaintiff's automobile for some minutes. There is no evidence that the defendant knew of the injury to the plaintiff's automobile before the police officer directed his attention to it or that the defendant was negligent in failing to see the plaintiff's automobile or that, if he had seen it, he could have prevented the skidding of his trailer and the damage to the automobile. A finding for the plaintiff was not warranted by the evidence. *Goyette* v. *Amor,* 294 Mass. 355, 357–358.

*Order of Appellate Division affirmed.*