*Municipal Court of the City of Boston*

No. T-9694

NEW ENGLAND TELEPHONE & TELEGRAPH CO.

v.

H. COHEN & COMPANY, INC.

AND

SIDNEY A. SMITH

(May 1—October 3, 1964)

*Present*: Gillen, J. (Presiding), Lewiton & Canavan, JJ.

Case tried to *Adlow, C. J.*

*Gillen, J.* This is an action of tort in which the plaintiff seeks to recover damages to property owned by it as a result of a collision between a truck owned by the defendant, H. Cohen & Company, Inc., which was being operated by the defendant, Sidney A. Smith, the employee of the defendant, H. Cohen & Company, Inc., on August 21, 1961, on Route #1, Peabody, Massachusetts, wherein the truck came in contact and damaged the property of the plaintiff.

The answer of the defendant consisted of a general denial and an allegation of contributory negligence.

*At the trial there was evidence tending to show that* the plaintiff was the owner of property adjacent to Route #1 in Peabody, which was damaged as a result of a truck owned by the defendant, H. Cohen & Company, Inc., and being operated by the defendant, Sidney A. Smith, striking and coming in contact with a telephone pole and wires connected thereto the property owned by the plaintiff.

The only witness produced by the plaintiff

was one Mr. Hamer, of Oakhill Road, Westford, Massachusetts, an accounting manager for the plaintiff, who testified from the records of the plaintiff that the cost of repairing the damaged property of the plaintiff, as a result of this accident was $2,259.80.

The plaintiff, through its attorney, then offered the following questions and answers to interrogatories of the defendant, Sidney A. Smith:

1. Please identify yourself, giving your full name, age, residence, business address, and occupation, and if married, give the name of your wife.

*ANSWER*: Sidney A. Smith; 8 Wayne Avenue, Lynn, Massachusetts; H. Cohen & Company, Inc.; 289 Third Street, Chelsea, Massachusetts; Joan.

2. Were you the operator of a motor vehicle which at or about the time alleged in the plaintiff's declaration was involved in the accident as a result of which the plaintiff claims to have sustained property damage?

*ANSWER*: Yes.

3. Please state when the alleged accident occurred, giving the date, hour, and minute as nearly as possible.

*ANSWER*: August 21, 1961, about 8:15 a.m.

4. Please state as to the motor vehicle operated by you:
   (a) the registration of the vehicle, giving state, number and year of registration.

*ANSWER*: A44 837, Massachusetts, 1961;
   (b)  the manufacturer, year, make and model,
*ANSWER*: 1956 Autocar;
   (c)  the name and address of the owner.
*ANSWER*: H. Cohen & Company, Inc., 289 Third Street, Chelsea, Massachusetts.

7.  Please describe the exact location of the pole involved in the accident with particularity with reference to some fixed object, in front of or near what street and number, or other positive means by which the location may be identified.

*ANSWER*: As best I remember, on the sidewalk of Route 1 in Peabody.

11.  With reference to the vehicle operated by you:
   (a)  please explain the circumstances under which it came into your control or possession just prior to the time of the accident.

*ANSWER*: I was driving it on my employer's business;
   (b)  how long had you had the car in your possession,
*ANSWER*: About 45 minutes;
   (c)  did the owner thereof know it to be in your possession,
*ANSWER*: Yes;
   (d)  were you operating it with the owner's permission,
*ANSWER*: Yes;
   (e)  for what purposes were you oper-

ating it at the time of the alleged accident,

*ANSWER*: See answer to (a);

    (f) state the frequency with which you had operated it prior to the alleged accident.

*ANSWER*: Immaterial.

12. Please describe fully and completely how the occurrence upon which plaintiff declares happened, stating in your answer all events relating thereto in their sequential order.

*ANSWER*: Briefly, the vehicle I was operating jackknifed and hit the pole owned by the plaintiff.

20. Did a motor vehicle which you were operating at the time and place alleged in the plaintiff's declaration come in contact or collide with a pole owned by the plaintiff?

*ANSWER*: Yes.

And the further answers of the defendant, Sidney A. Smith, to interrogatories No. 13 and 14 propounded by the plaintiff:

13. Please describe in detail the course of the vehicle operated by you for a distance of 100 feet just prior to the alleged accident of your motor vehicle and the pole.

*FURTHER ANSWER*: Straight, prior to the vehicle skidding and jackknifing, after which I cannot actually describe the course of the vehicle I was driving, except to say it went to its right.

14. What was the speed and the position of the vehicle operated by you in reference to the center of the street upon which you were traveling:

(a) 100 feet from said pole,

*FURTHER ANSWER*: I don't remember;

(b) 50 feet from said pole,

*FURTHER ANSWER*: I don't remember;

(c) 25 feet from said pole,

*FURTHER ANSWER*: I don't remember;

(d) at said pole.

*FURTHER ANSWER*: I don't remember.

The defendants, through their attorney, put in the following interrogatories and answers of the defendant, Sidney A. Smith:

8. Please describe the weather and road conditions at the time and place of the alleged accident, setting forth conditions of light, precipitation, and temperature.

9. If the condition of the roadway or weather played a part in the alleged accident, please give full particulars.

*ANSWER 8 and 9*: Misty, roads wet, daylight.

19. Please state everything that you did, in the order in which it was done, in an attempt to avoid the accident.

*ANSWER*: Applied brakes and attempted to prevent the skidding and jackknifing of the vehicle.

There were no other witnesses or evidence.

At the close of the trial and before the final arguments, the defendants made the

following requests for rulings and the court's disposition thereon:

1. The only evidence of how the alleged accident happened that caused the plaintiff damage was the answer of the defendant, Sidney A. Smith, to interrogatory No. 12: "Briefly, the vehicle I was operating jack-knifed and hit the pole owned by the plaintiff", and his further answer to interrogatory No. 13: "Straight prior to the vehicle skidding and jackknifing, after which I cannot actually describe the course of the vehicle I was driving, except to say it went to the right."

COURT: No, there are other interrogatories pertinent to accident. I rule as requested, that aside from interrogatories, there was no other evidence bearing on liability.

2. The court must rule, as a matter of law, that there is no evidence of negligence of either defendant, based on the facts mentioned in No. 1.

COURT: No.

3. The court must find, as fact, that there is no evidence of negligence of either defendant, based on the facts alleged in No. 1.

COURT: No.

4. The plaintiff cannot introduce through its accounting manager, the cost to it of repairing the alleged damage to the plaintiff's equipment.

COURT: No, I find that the cost of the damages appeared in the records of the plain-

tiff, which records are kept in usual course of business and were offered in evidence.

The court found for the plaintiff against both defendants on all counts of the plaintiff's declaration.

The defendants claim to be aggrieved by the denial of their requests for rulings Nos. 1, 2 and 3.

Prior to the case being remanded to this court, answers #13 and #14 of the interrogatories propounded by the plaintiff to the defendant Sidney A. Smith were stricken from the record and further answers ordered. The net result was that the original answer to interrogatory #13 which set forth that the vehicle at issue was a trailer truck, was stricken and in its place the answer speaks about a vehicle skidding and jackknifing.

Common sense would indicate (where there is a reference to jackknifing) that the vehicle was a trailer truck, but the further answers to interrogatories #13 and #14 leave it as a vehicle.

We cannot read into the case that the vehicle was a trailer truck where the only evidence on that phase is from the interrogatories and the answers.

We think there should be a new trial. Prior to that, interrogatories can be filed and with the answers will definitely set forth that the vehicle in question was a trailer truck.

Even then the quantum of the evidence as to negligence may be questionable where

the evidence ·refers to skidding and jack-knifing with an absence of speed.

But in view of our order we will not pass on that 'phase of the case at present.

In passing we should point out .that interrogatory and answer ♯4 of plaintiff to defendant Sidney Smith, speaks about the corporation name as H. Cohen and Company, Inc., whereas the writ lists it as H. Cohen and Co., Inc.

This is a good example of a trial where the judge is given a paucity of evidence and he is then expected to come up with the right answer. *New trial ordered.*

*Lewiton, J.* concurring:

I concur in the result reached by the court, but I would grant a new trial on other grounds. In my opinion the evidence, as reported to us, was not sufficient to warrant a finding of negligence on the part of the operator of the vehicle which came in contact with the property of the plaintiff.

The plaintiff introduced the defendant Smith's answers to interrogatories and is bound by such answers, there being no evidence in the case tending to contradict them. *Warren v. DeCoste,* 269 Mass. 415, 419-20; *Washburn v. R. F. Owens Co.,* 258 Mass. 446, 449; *Minihan v. Boston Elev. Rwy. Co.,* 197 Mass. 367, 373. Applying this rule, it appears that a vehicle (which can fairly be assumed to have been a trailer-truck) was being operated on a wet road at a speed which was not shown by the evidence and

therefore was not shown to have been excessive, and that the vehicle skidded and jackknifed, and hit a pole owned by the plaintiff. It is elementary that mere skidding is no evidence of negligence. *Glavine v. Gaudette*, 335 Mass. 170, 171; *Sherwood v. Radovsky*, 317 Mass. 307, 308-9 and cases cited.

The report indicates a complete absence of evidence as to the specific cause of this accident, and I am unable to draw any inference from common knowledge or experience that the unexplained skidding and jackknifing of a trailer-truck under such circumstances is attributable to negligent operation.

■    However, since the defendant's requests for rulings were based on only a part of the evidence the trial judge was correct in denying them. There was no request for a ruling as to the sufficiency of the entire evidence to warrant a finding of negligence.

■    In the light of the entire situation, I think it appropriate that a new trial be granted, rather than an order for entry of judgment for the defendant.

Peter Hiam, of Boston, for the Plaintiff.

Philip T. Cowin, of Boston, for the Defendant.