MARY BETTENCOURT & another[1] *vs.* MASSACHUSETTS BAY TRANSPORTATION AUTHORITY. October 3, 1973. This is an action of tort for injuries sustained when the plaintiff, after traveling as a passenger on a bus owned and operated by the defendant, disembarked and stepped into a depression in the public street. A jury returned a verdict for the plaintiff. The only question raised by the defendant's bill of exceptions

---

[1] Arthur Bettencourt, husband of Mary Bettencourt. The judge directed a verdict for the defendant on this claim.

with which we concern ourselves is the sufficiency of evidence to warrant a finding for the plaintiff, which was raised by the defendant's motion for a directed verdict and by its motion for entry of a verdict under leave reserved, both of which motions were denied. It is well-settled that "[w]hen a passenger steps from the car upon the street, be becomes a traveller upon the highway, and terminates his relations and rights as a passenger, and the railway company is not responsible to him as a carrier for the condition of the street, or for his safe passage from the car to the sidewalk." *Creamer* v. *West End St. Ry.* 156 Mass. 320, 321 (1892). See also *Tefft* v. *Boston Elev. Ry.* 285 Mass. 121 (1934); *Lee* v. *Boston Elev. Ry.* 182 Mass. 454, 456 (1903); *McManus* v. *Boston Elev. Ry.* 262 Mass. 519, 521 (1928). In the circumstances of this case, therefore, the defendant was entitled to a directed verdict. The defendant's exceptions to the denial of its motions for a directed verdict and for entry of a verdict for the defendant under leave reserved are sustained. Judgment is to be entered for the defendant.

*So ordered.*

*Gerald M. Coakley* for the defendant.