LENA A. MLYNARCHIK *vs.* MASSACHUSETTS BAY
TRANSPORTATION AUTHORITY.

Suffolk.    November 15, 1974. — January 31, 1975.

Present: HALE, C.J., ROSE, KEVILLE, GRANT, & ARMSTRONG, JJ.

*Negligence,* Motor vehicle, Use of way.

In a tort action evidence that the defendant's bus, just after the plaintiff alighted, started up and began skidding on the snow covered street toward the plaintiff, that the plaintiff was prevented from retreating quickly by a snowbank, that the plaintiff fell in her attempt to retreat and was injured by the skidding bus, and that the bus driver had been unaware of the plaintiff's whereabouts after she had alighted was sufficient to warrant a finding that the defendant was negligent. [36-37]

TORT.   Writ in the Superior Court dated July 8, 1968.
The action was tried before *Mitchell, J.*
*Edward U. Lee* for the defendant.
*James R. Brown, Jr.,* for the plaintiff.

ROSE, J.   The plaintiff brought an action in tort seeking to recover for her personal injuries claimed to be caused by the defendant's negligence. The defendant answered by way of general denial. At the close of the evidence the defendant filed a motion for a directed verdict. The motion was denied and the defendant duly excepted. The jury returned a verdict for the plaintiff. The defendant's bill of exceptions brings before us the question whether there was error in the denial of its motion for a directed verdict.

In reviewing the denial of a defendant's motion for a directed verdict, we consider only that evidence most favorable to the plaintiff. *Gelinas* v. *New England Power Co.* 359 Mass. 119, 120 (1971). *Scatena* v. *Pittsburgh & New England Trucking,* 2 Mass. App. Ct. 683, 684 (1974). See *Anderson* v. *Osgood,* 2 Mass. App. Ct. 800 (1974).

The plaintiff, a woman 65 years of age, was hit by an MBTA bus on a day when the snow from a severe storm lay upon the ground. At the place where the plaintiff disembarked from the bus there was a snowbank about three feet high, at a distance estimated to be from two and one-half to four feet from the side of the bus. Upon alighting, the plaintiff stepped back and faced the bus, waiting for it to go by so she could cross the road. While starting up slowly, the bus began to skid with the back of the bus moving toward the plaintiff. The plaintiff stepped back against the snowbank to avoid the bus but slipped and fell down with her feet pointing out into the road. The bus continued to skid toward the plaintiff and although she moved her legs to the right against the snowbank, the right rear wheel rolled over her left leg. The bus, although moving slowly, did not decelerate when it started to skid and continued to move off. The driver of the bus first learned of the accident when another vehicle caught up to the bus. Evidence was also introduced that the driver was

aware that the rear of his vehicle had skidded to the right when it started up and that he did not observe the plaintiff out of his right rearview mirror once the bus started forward.

After alighting from the bus, the plaintiff terminated her status as passenger upon a common carrier and became, at that point, a traveller upon the highway. See *Bettencourt* v. *Massachusetts Bay Transp. Authy.* 1 Mass. App. Ct. 847 (1973). The driver owed her the duty to exercise a reasonable degree of care for her safety. *Nolan* v. *Shea,* 312 Mass. 631, 634 (1942). *Buckman* v. *McCarthy Freight System, Inc.* 320 Mass. 551, 554 (1947). He was obligated, particularly in light of the slippery road conditions and the snowbank along the side of the road, to observe the plaintiff's position and know where she was in relation to the bus. See *Buckman* v. *McCarthy Freight System, Inc., supra,* at 554; *DaSilvia* v. *Dalton,* 322 Mass. 102, 103 (1947); *Loffredo* v. *L. Nelson & Sons Transp. Co.* 325 Mass. 38, 39-40 (1949); *McComb* v. *New England Transp. Co.* 325 Mass. 221, 222-223 (1950). See also *Bonvenuto* v. *Aisenberg,* 258 Mass. 213 (1927). Although "the mere skidding of a motor vehicle, unexplained, is not evidence of negligence," *Sherwood* v. *Radovsky,* 317 Mass. 307, 308-309 (1944); *Lambert* v. *Eastern Mass. St. Ry.* 240 Mass. 495, 499 (1922); *Glavine* v. *Gaudette,* 335 Mass. 170, 171-172 (1956); compare *Spain* v. *Oikemus,* 278 Mass. 544 (1932); *Costello* v. *Hansen,* 327 Mass. 264 (1951); *Salah* v. *Gloucester Auto Bus Co.* 333 Mass. 603 (1956), the failure of the defendant's driver to ascertain the plaintiff's whereabouts as the rear of the bus moved toward her and to act with the appropriate and required caution was sufficient to allow the jury to find that the defendant was negligent.

*Exceptions overruled.*