CECILE L. GLEASON *vs.* JAMES R. GALVIN.

Plymouth. November 9, 1977. — March 6, 1978.

Present: HENNESSEY, C.J., BRAUCHER, WILKINS, LIACOS, & ABRAMS, JJ.

*Tenants by the Entirety. Joint Tenants and Tenants in Common. Annulment of Marriage*, Division of property.

A decree of annulment did not render void a transfer of property during the marriage from the husband to himself and his wife as tenants by the entirety. [575-576]

There was no error in allowing a petition for partition and sale of property held by the parties as tenants by the entirety prior to the annulment of their marriage. [576]

In a proceeding on a petition for partition and sale of property held by the parties as tenants by the entirety prior to the annulment of their marriage, the defendant was not prejudiced by the admission of a certified copy of the original deed transferring the property to the parties as tenants by the entirety where he did not dispute the accuracy of the contents of the document. [577]

PETITION filed in the Probate Court for the county of Plymouth on December 23, 1975.

CIVIL ACTION commenced in the Probate Court for the county of Plymouth on February 24, 1976.

The cases were heard by *Murphy*, J.

After review was sought in the Appeals Court, the Supreme Judicial Court, on its own initiative, ordered direct appellate review.

*Chester R. McLaughlin* for the defendant.

ABRAMS, J. This consolidated appeal concerns the respective property rights of the parties in a home now occupied by the defendant, James R. Galvin. On September 28, 1961, Galvin purchased a single family house. He made the down payment on the property, and he has made all the mortgage payments. On October 11, 1961, Galvin married the plaintiff, Cecile L. Gleason. On September 17, 1963, Galvin transferred the property to himself and Gleason as tenants by the entirety. On October 31, 1969, the marriage of Galvin and Gleason was annulled.

On December 23, 1975, Gleason filed a petition for partition and sale in the Probate Court. On February 24, 1976, Galvin sought a declaration of the rights of the parties respecting the property. A Probate Court judge allowed the petition for partition and sale and dismissed the complaint for a declaratory judgment. Galvin timely filed his consolidated appeal from both these judgments. We transferred the cases for direct appellate review.

The defendant first argues that since a decree of annulment renders a marriage void ab initio no tenancy by the entirety was created. Therefore, he contends that since the home was his separate property before the marriage, after the annulment it again became his separate property. We disagree.

The rule that an annulment makes a marriage void ab initio is not always applied unequivocally. *Robbins* v. *Robbins*, 343 Mass. 247, 251 (1961). *Callow* v. *Thomas*, 322 Mass. 550, 553 (1948). Rather, "[t]o say that for all purposes the marriage never existed is unrealistic. . . . Public policy

requires that there must be some limits to the retroactive effects of a decree of annulment. . . . The better rule . . . is that in the case of a voidable marriage transactions which have been concluded and things which have been done during the period of the supposed marriage ought not to be undone or reopened after the decree of annulment." *Callow* v. *Thomas, supra* at 555. If we apply this rule, the transfer of the property to Gleason and Galvin as tenants by the entirety is not undone by the annulment. However, since parties no longer married cannot hold property as tenants by the entirety, after the annulment the parties hold the property as tenants in common. See *Fuss* v. *Fuss (No. 2)*, 373 Mass. 445, 450 (1977); *Bernatavicius* v. *Bernatavicius*, 259 Mass. 486 (1927).

The defendant next argues that in any event the property should be divided according to the equities of the situation. Since the defendant paid for, maintained, and improved the home, he contends that the equities favor distributing the house to him. However, since the defendant waited over six years since the annulment to attempt to obtain a division of the property he cannot now challenge the characterization which the law places on his interest in the home. See *Bernatavicius* v. *Bernatavicius, supra; Rickards* v. *Rickards*, 53 Del. 134, 139 (1960).

Moreover, there is no evidence before us that the Probate Court judge did not consider the equities of the situation in dividing the property equally between the parties. The judge, for example, could have considered any division of property made by the parties at the time of or after the annulment. The burden rests on the objecting party to demonstrate that the equities were not considered or that a plainly inequitable distribution was made. Cf. *Rice* v. *Rice*, 372 Mass. 398, 401-403 (1977).[1] On the record before us there was no error.

---

[1] The probate judge's decision in the instant case was entered before the decision in *Rice* v. *Rice*, 372 Mass. 398 (1977), which stated our request that findings be made in proceedings under G. L. c. 208, § 34.

The defendant finally argues that under the best evidence rule it was error to admit a certified copy of the original deed transferring the property to the parties as tenants by the entirety. Even assuming that the admission of the deed was error, see *Scanlan* v. *Wright*, 13 Pick. 523, 527 (1833); W.B. Leach & P.J. Liacos, Massachusetts Evidence 260-261 (4th ed. 1967), we conclude that this admission was harmless error because the defendant did not dispute the accuracy of the contents of the document. See *Fauci* v. *Mulready*, 337 Mass. 532, 540 (1958); 5 J. Weinstein & M. Berger, Evidence par. 1001 (1) [01] (1976).

The allowance of the petition for partition and sale is affirmed. The motion to dismiss the declaratory judgment action, however, should not have been granted. Rather, the rights of the parties should have been declared. *Boston* v. *Massachusetts Bay Transp. Auth.*, 373 Mass. 819, 829 (1977). That judgment should therefore be modified to declare that Gleason and Galvin hold the property as tenants in common.

*So ordered.*