DANA MCLAUGHLIN & another[1] *vs.* ALFRED M. CUNNINGHAM & others.[2] May 28, 1982. This action seeks to recover for injuries sustained by the plaintiff, Dana McLaughlin (Dana), in a collision between a motorized "mini-bike," ridden by Dana, and an automobile, driven by a defendant, Alfred M. Cunningham, but owned by his parents (see note 2). There was a verdict on count one of three counts for the only defendant named in count one. By agreement two counts of the complaint had been dismissed. Judgment was entered for the defendant on count one. The plaintiffs appealed.

The only issues argued on appeal relate to the trial judge's conduct of the trial, including his denial of the plaintiffs' motions for a mistrial and

---

[1] Claire McLaughlin, mother of Dana McLaughlin, who had been allowed to intervene as a party plaintiff.

[2] George B. Cunningham and Margaret M. Cunningham, parents of Alfred M. Cunningham.

for a new trial. In these motions, the plaintiffs mention the matters discussed below in sequence.

1. The parties in the presence of the jury had stipulated that Alfred Cunningham was not the owner of the automobile which collided with the mini-bike on which Dana was riding. Dana's counsel incautiously asked Dana, while he was testifying, about the ownership of the automobile. Dana replied, "Alfred Cunningham's." The trial judge interposed, "Don't ask him . . . . [W]hy do you have him give us false testimony? It wasn't his car." The witness then acknowledged his own mistake. The judge's comment was unnecessarily emphatic but, in view of the stipulation, Dana's counsel's inquiry was inappropriate. The judge's comment should have been given without mention of false testimony. We, however, do not regard it as sufficiently inappropriate to require reversal.

2. The judge refused to permit Dana's counsel to use a blackboard to illustrate by a "chalk" where the collision took place with respect to a street intersection. The judge said the blackboard could be used for drawing a plan "to scale." As the witness did not have "the ability . . . to draw to exact scale," the judge refused permission for a drawing which he asserted might be "misleading." The judge's somewhat inflexible position did not amount to an abuse of discretion. See Liacos, Massachusetts Evidence, 402-404 (5th ed. 1981), and cases cited.

3. The trial judge refused to postpone cross-examination of Dana to permit an orthopedic surgeon, called by Dana as a witness, to testify out of order. Defense counsel made no objection to this wholly reasonable interruption. The trial judge should have refrained from "ordering" the doctor (in the presence of the jury) to be in court on the next morning at ten o'clock. In this matter the trial judge, at a lobby conference, indicated a strange insensitivity about the undue use of the time of busy doctors, by saying that "[t]hey come here at the pleasure of the [c]ourt" and that, "like anybody else," they come to court to testify "and they sit." Similarly, the judge was somewhat peremptory in refusing to permit counsel to read excerpts from a long hospital record. In these matters, admonitions to, or discussions with, counsel at side-bar would have involved less risk of prejudice to the plaintiffs' case than the course in fact pursued.

4. In many if not all the matters just mentioned, plaintiffs' counsel (apart from the motion for a mistrial) did not make detailed and timely objections to the actions of the trial judge. As to each of them, the judge had some range of discretion. See, e.g., *R.L. Polk & Co.* v. *Living Aluminum Corp.*, 1 Mass. App. Ct. 170, 172 (1973). See also *Cooke* v. *Walter Kidde & Co.*, 8 Mass. App. Ct. 902, 904 (1979). In the circumstances the judge's behavior (although regrettable) did not amount to prejudicial conduct of the type criticised in *Gauntlett* v. *Medical Parameters, Inc.*, 10 Mass. App. Ct. 88, 89, 94 (1980), and *Adams* v. *Yellow Cab Corp.*, 12 Mass. App. Ct. 931 (1981). See *Clapp* v. *Haynes*, 11 Mass. App. Ct. 895, 897-898 (1980).

5. The record shows that the judge did not confine his criticism to counsel for the plaintiffs. He presented difficulties also to opposing counsel. The transcript as a whole, however, does not give the impression that the judge had formed any opinion about the merits of the case presented by the plaintiffs. We think that the judge communicated no sense of bias to the jury. In his charge, he told the jury to consider only the actual testimony of the witnesses, the exhibits, and the reading of answers to interrogatories and a deposition. "Nothing" he said, "that I say is evidence . . . . It is what you believe of the evidence upon which you must make your decision . . . ." Although the plaintiffs' counsel saved his "rights with respect to the denial of . . . [various] requests," he added with commendable fairness, "the charge I feel was in essence what I requested."

*Order denying motion for a new trial affirmed.*

*Judgment affirmed.*

*Mark G. Cerel* for the plaintiffs.
*John F. McCarty, Jr.* (*John M. Horn* with him) for the defendant.