ROBERT D. CAVANAGH vs. VIOLET M. CAVANAGH.

Norfolk.    October 10, 1985. — March 5, 1986.

Present: HENNESSEY, C.J., WILKINS, LIACOS, LYNCH, & O'CONNOR, JJ.

*Divorce and Separation*, Annulment. *Constitutional Law*, Full faith and
credit. *Res Judicata*.

A complaint by the husband for annulment of the parties' marriage and for
an equitable distribution of the parties' property which, on its face,
showed that the Family Court in Rhode Island had already established
with finality the status of the marriage, stated no claim upon which relief
could be granted, and consequently, the wife's motion to dismiss under
Mass. R. Dom. Rel. P. 12 (b) (6) was properly allowed. [838-839]

COMPLAINT for annulment filed in the Norfolk Division of
the Probate and Family Court Department on January 30, 1984.

The case was heard by *B. Joseph Fitzsimmons, Jr.*, J., on
a motion to dismiss.

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

*William L. Donnelly* for the plaintiff.

*John H. Hines, Jr.*, of Rhode Island (*Philip J. McCarthy*
with him) for the defendant.

O'CONNOR, J. A judge of the Probate and Family Court
allowed the defendant's motion to dismiss the plaintiff's com-
plaint for annulment of the parties' marriage. The plaintiff
appealed to the Appeals Court and we transferred the case to
this court on our own motion. We affirm the judgment of
dismissal.

The material allegations of the complaint are as follows. At
the time the complaint was filed, both parties were residents
of Rhode Island. On September 20, 1954, while the plaintiff
was domiciled in Massachusetts, he and the defendant "went
through a marriage ceremony" in Rhode Island. They then
lived together as husband and wife until about December 1,

1971, when they separated. The parties had lived in Massachusetts from 1954 to 1959 and from 1960 to 1962. In 1962 they moved to Rhode Island. The complaint states that the plaintiff doubts the validity of his marriage because, contrary to the representations that the defendant had made to the plaintiff at the time of their marriage, the defendant had been previously married and that marriage had never been dissolved. The complaint also alleges that in December, 1971, "the defendant . . . filed a Petition For Divorce in the Family Court for Newport, Rhode Island . . . . Said divorce petition was dismissed on the ground that Violet Cavanagh was not legally married to Robert Cavanagh because of a prior existing valid marriage . . . . Said Rhode Island Family Court refused to grant Robert Cavanagh an annulment but did enter a judgment of divorce *ab initio*." The complaint prays for an annulment of the parties' marriage and for an equitable distribution of the parties' property.

The defendant's motion to dismiss was grounded on the failure of the complaint to state a claim upon which relief can be granted. That ground, in turn, was based on the allegation in the complaint that the judgment in Rhode Island has res judicata effect in this Commonwealth. See Mass. R. Dom. Rel. P. 12 (b) (6). The motion also was based on the failure of the plaintiff to meet the residency requirements of G. L. c. 207, § 14.[1] The judge allowed the motion and placed this endorsement on it: "Allowed; further complaint for annulment may be filed when jurisdiction is conferred via G. L. c. 207, § 14." It appears from the endorsement that the judge's reason

---

[1] General Laws c. 207, § 14 (1984 ed.), provides in relevant part: "If the validity of a marriage is doubted, either party may institute an action for annulling such marriage, or if it is denied or doubted by either party, the other party may institute an action for affirming the marriage . . . . Upon proof of the validity or nullity of the marriage, it shall be affirmed or declared void by a judgment of the court, and such judgment of nullity may be made although the marriage was solemnized out of the commonwealth, if at that time and also when the action was commenced the plaintiff had his domicile in the commonwealth, or if he had resided in this commonwealth for five years last preceding the commencement of said action, unless the court finds that he has removed into this commonwealth for the purpose of obtaining said judgment."

for dismissing the complaint was the plaintiff's failure to meet the residency requirements of c. 207, § 14.

On appeal, the plaintiff argues that the residency requirements of c. 207, § 14, are unconstitutional. We do not address that question, however, because, regardless of the constitutionality of c. 207, § 14, it is clear that the complaint fails to state a claim upon which relief can be granted and the motion to dismiss was properly allowed.

Res judicata is an affirmative defense, see Mass. R. Dom. Rel. P. 8 (c), that is ordinarily raised in an answer to the complaint. However, if the complaint shows on its face the existence of an affirmative defense, the complaint does not state a claim upon which relief can be granted, and a motion to dismiss under Mass. R. Dom. Rel. P. 12 (b) (6) is appropriate. See *Whitehouse* v. *Sherborn*, 11 Mass. App. Ct. 668, 676 (1981); J.W. Smith & H.B. Zobel, Rules Practice § 12.13 (1974).

The complaint in this case shows on its face that the Family Court in Rhode Island dismissed the defendant's complaint for divorce from the plaintiff on the ground that due to a prior existing valid marriage the parties were never validly married. · The complaint also shows that the court granted the plaintiff a "divorce ab initio." The complaint may fairly be construed as alleging that the Rhode Island Family Court had subject matter jurisdiction and jurisdiction over both parties, and that the judgment was final in Rhode Island, as indeed it was. See *Cavanagh* v. *Cavanagh*, 118 R.I. 609, 612 (1977).

The plaintiff argues that the judgment in Rhode Island has no res judicata effect that would preclude him from now litigating his right to an annulment. Central to his argument is that he did not have an opportunity in Rhode Island to obtain an annulment, which he seeks here, because Rhode Island, he contends, does not grant annulments.[2] We fail to see the logic

---

[2] Rhode Island Gen. Laws § 15-1-5 (1969 Reenactment) provided at the time that " [a]ny marriage when either of the parties thereto, at the time of such marriage, has a former wife or husband living who has not been, by final decree, divorced from such party . . . shall be absolutely void . . . ." Rhode Island Gen. Laws § 15-5-1 (1969 Reenactment), provides that

in the plaintiff's argument. It is clear that regardless of whether the Family Court in Rhode Island annulled the plaintiff's marriage, as it appears to have done, or dissolved it, the status of the plaintiff's marriage was conclusively established by that court's judgment.

Article 4, § 1, of the United States Constitution, the full faith and credit clause, requires that the courts of this Commonwealth give to the judgment of the Family Court in Rhode Island the same finality that it is accorded in Rhode Island. *Sutton* v. *Leib*, 342 U.S. 402, 406-409 (1952) (the decree of a New York court annulling a Nevada marriage held to be entitled to full faith and credit in Illinois). *Poor* v. *Poor*, 381 Mass. 392, 393 (1980) (foreign divorce entitled to full faith and credit in Massachusetts). *Robbins* v. *Robbins*, 343 Mass. 247, 250 (1961) (foreign annulment entitled to full faith and credit in Massachusetts). The judgment of the Rhode Island court has established with finality the status of the plaintiff's marriage. Therefore, the plaintiff is precluded from relitigating the same matter in this Commonwealth. The judge did not err in dismissing the complaint.[3]

*Judgment affirmed.*

"[d]ivorces from the bond of marriage shall be decreed in case of any marriage originally void or voidable by law . . . ." The terminology of both the judgment and the statute make it clear that the Family Court judgment did not dissolve a valid marriage but rather declared the parties' marriage void. See *Cavanagh* v. *Cavanagh, supra* at 612. Contrary to the plaintiff's contention, the adjudication in Rhode Island was the equivalent of an annulment under c. 207, § 14, of our General Laws. An annulment is simply an adjudication that a marriage is invalid — that is, void ab initio. *Gleason* v. *Galvin*, 374 Mass. 574, 575 (1978). *Callow* v. *Thomas*, 322 Mass. 550, 553 (1948).

[3] Some attempt to explain why the plaintiff commenced this action seems appropriate. In conjunction with the "divorce ab initio" the Rhode Island Family Court ordered a division of the parties' real estate. The plaintiff was dissatisfied with that order and unsuccessfully appealed to the Rhode Island Supreme Court. *Cavanagh* v. *Cavanagh, supra.* At oral argument of the present appeal, plaintiff's counsel explained that this action was commenced in the hope of obtaining a more favorable distribution of property. Counsel offered no explanation of why the order in Rhode Island relative to the real estate would not be entitled to full faith and credit and, consequently, be accorded res judicata effect here, nor did he instruct us as to how a valid order in Rhode Island and a conflicting order in Massachusetts both could be given effect.