SUSAN J. SIMMONS *vs.* STEVEN R. SIMMONS.

No. 94-P-80.

Middlesex. October 21, 1994. - January 20, 1995.

Present: DREBEN, SMITH, & PORADA, JJ.

*Divorce and Separation*, Foreign judgment, Jurisdiction. *Jurisdiction*, Divorce proceedings.

Where during the pendency of a complaint for divorce brought by the wife in Massachusetts, the husband filed an action for divorce in South Carolina which resulted in a divorce judgment on April 13, 1992, and where the Probate Court, on August 19, 1992, issued a judgment of divorce nisi that included an order of visitation as well as a division of marital assets, this court held that the South Carolina divorce judgment was entitled to full faith and credit and the divorce judgment in Massachusetts was a nullity; however, as the South Carolina judgment did not settle custody, alimony or support and the Massachusetts court had personal jurisdiction over both parties, the Probate Court's adjudication of those matters was correct. [51-52]

COMPLAINT for divorce filed in the Middlesex Division of the Probate and Family Court Department on May 18, 1987.

The case was heard by *Edward J. Rockett*, J., and a motion for relief from judgment was heard by him.

*William S. Swartz*, for Steven R. Simmons, submitted a brief.

DREBEN, J. During the pendency of a complaint for divorce brought by the wife in Massachusetts, the husband filed an action for divorce in South Carolina. Despite the wife's request for a continuance on the ground that a prior action for divorce was pending in Massachusetts, and a claim that the South Carolina court did not have jurisdiction, a judge of the Family Court of the Ninth Judicial Circuit of the State of South Carolina on April 13, 1992, "ordered adjudged and

decreed that the defendant[1] is entitled to a divorce." The court issued no order regarding custody, alimony, support, or division of property. The South Carolina court determined that it had jurisdiction, that the wife's divorce had been pending since 1987, "that the sister state (Massachusetts) has failed to give any reason for its failure to issue a ruling in this matter" although a hearing had been held in December, 1991, and that the husband "is entitled to his divorce."

Subsequent to that order, a Massachusetts Probate Court, on August 19, 1992, issued a judgment of divorce nisi which, if valid, would have become absolute ninety days thereafter. See G. L. c. 208, § 21. That judgment also provided for visitation by the husband and a division of marital assets, including the husband's military retirement pay.

Claiming that the Massachusetts Probate Court lacked subject matter jurisdiction to enter its August 19, 1992, judgment because of the April 13, 1992, order of the South Carolina court, the husband, on August 6, 1993, filed a motion for relief from judgment. The motion was denied by the probate judge who had entered the judgment of divorce. This is an appeal by the husband from the denial.

It is true that the South Carolina divorce judgment is entitled to full faith and credit, *Williams* v. *North Carolina*, 317 U.S. 287 (1942); *Sutton* v. *Leib*, 342 U.S. 402, 409 (1952), and that the judgment "has established with finality the status of the plaintiff's marriage." *Cavanagh* v. *Cavanagh*, 396 Mass. 836, 839 (1986). The wife appeared through counsel in South Carolina and is precluded from relitigating the same matter in Massachusetts.[2]

While the portion of the Massachusetts judgment which adjudged a divorce is a nullity, there is no reason to invalidate the remainder of the judgment. The husband claims that there is no subject matter jurisdiction; he does not claim that the Probate Court lacks personal jurisdiction. General

---

[1] For some reason, perhaps a mistake, the court ordered the defendant (wife) entitled to the divorce.

[2] The record does not indicate that counsel for the wife appeared solely to contest jurisdiction.

Laws, c. 208, § 34, as amended through St. 1990, c. 467, specifically provides:

> "Upon divorce or upon a complaint in an action brought at any time after a divorce, whether such a divorce has been adjudged in this commonwealth or another jurisdiction, the court of the commonwealth, provided there is personal jurisdiction over both parties, may make a judgment for either of the parties to pay alimony to the other. In addition to or in lieu of a judgment to pay alimony, the court may assign to either husband or wife all or any part of the estate of the other, including but not limited to . . . . military retirement benefits if qualified under and to the extent provided by federal law. . . ."

The wife's complaint sought custody, alimony, and support as well as a divorce. The South Carolina judgment did not purport to settle any of these matters. Since the Massachusetts Probate Court had personal jurisdiction over both parties, the South Carolina judgment did not prevent the Massachusetts Probate Court from adjudicating the other questions encompassed in the wife's complaint. See *Cavanagh* v. *Cavanagh*, 396 Mass. at 839 n.3; G. L. c. 208, § 28 & 29.

For purposes of clarity, that portion of the August 19, 1992, judgment nisi which purported to adjudicate a divorce is deleted. With that exception, the denial of the motion for relief from judgment is affirmed.

*So ordered.*