Sikora, J.
PROCEDURAL AND FACTUAL BACKGROUND
The two plaintiff corporations (‘Titan” and “Construction Counsellors”) have achieved in the New Jersey Superior Court a default judgment against the individual defendant Lawrence J. Fabian for permanent injunctive relief and for damages in the amount of $950,000 upon a finding of liability for commercial libel and intentional interference with those corporations’ prospective economic advantage. The pleadings and affidavits presently filed in the Massachusetts Superior Court indicate (1) that the corporations served Fabian in Boston in accordance with New Jersey service requirements: (2) that Fabian did not appear in order to defend in New jersey; (3) that a default judgment entered there upon liability; (4) that the New Jersey Superior Court then scheduled a damages assessment hearing; (5) that neither that court nor the corporations notified Fabian of the damages hearing because the then (May of 1996) governing New Jersey rule of procedure did not require such notice, N.J. Rule of Court 4:43-2; (6) that, upon the damages hearing, the New Jersey Superior Court judge awarded Construction Counsellors compensatory damages of $500,000; Titan compensatory damages of $255,000; “general damages” for the two corporations “jointly” in the amount of $100,000; and punitive damages “jointly" for the two corporations in the amount of $100,000; (7) that the New Jersey trial judge did not include any discussion of evidence (if any), findings, or reasoning in explanation of the amounts of the damages awards in any court papers, including the final judgment entered on May 20, 1996; and (8) that, as of September of 1996, the New Jersey Superior Court amended its Rule 4:43-2 so as to require independent notice to any defendant, including a default defendant, of a scheduled damages assessment hearing.
In this court, on or about November 26, 1996, the corporations commenced an action to enforce a foreign judgment in accordance with the Uniform Foreign Money Judgments Recognition Act codified in Massachusetts as G.L.c. 235, §23A (“the Act”). Fabian now *346 answered, and asserted a number of affirmative defenses enumerated by the Act, including (1) lack of due process in the New Jersey proceeding; (2) lack of personal jurisdiction in New Jersey; (3) lack of adequate notice of the New Jersey proceedings, especially of the damages hearing; (4) foreign causes of action or liability “repugnant to the public policy of this state”; and (5) a foreign forum “seriously inconvenient" for trial.
After receipt of the answer, the corporations moved for the entry of judgment with the support of an extensive affidavit from their New Jersey counsel and a memorandum of law. Fabian filed opposition with a counteraffidavit and memorandum of law. The court received thorough oral argument at a hearing. Thereafter the corporations filed a supplemental affidavit and law memorandum. Although the corporations do not specify the character of their motion for judgment, I treat it as one for judgment on the pleadings or, alternatively, as one for summary judgment.
As the main factual elements of the case, the papers show that Mr. Fabian has been a city planner for almost 30 years; that since 1983 he has published from Boston one, and later two, newsletters reporting and commenting upon developments in the urban transportation industry; and that in recent years he has published criticism of Titan PRT for pursuit of projects beyond its capability, and for inaccurate solicitations of projects and partners. The New Jersey court papers filed to date do not identify the wrongful disparagement of Construction Counsellors, the second corporation, for which that trial court awarded substantial damages. Fabian appears to have six subscribers in New Jersey and to derive about $750.00 in annual revenues from them. The samples of the offending published materials included in the Massachusetts papers to this point present a very questionable issue of liability for libel and for intentional interference with prospective business relations.
OPINION
The plaintiffs are not entitled to the immediate entry of a Massachusetts judgment of enforcement of the New Jersey judgment. The pleadings, affidavits, and New Jersey court papers present several disputed issues of law and fact recognized by the Act as affirmative defenses. They require a trial.
The issues of law and fact presented under the Act include (1) whether New Jersey had personal jurisdiction over Fabian; (2) whether, as applied in this case, New Jersey proceedings afforded him procedural and substantive due process; (3) whether he received “notice of the proceedings in sufficient time to enable him to defend” against the damages assessment; (4) whether the “cause of action on which the judgment is based is repugnant to the public policy of this state”; and (5) whether the New Jersey forum was “seriously inconvenient” to him. See G.L.c. 235, §23A, first and second paragraphs.
Fabian’s limited contact with, and presence in, New Jersey require at least an examination of his personal jurisdiction and forum non conveniens defenses as questions of fact and law.
Arguably, also, one or more express or implied “causes of action” underlying the damages awards might be “repugnant” to Massachusetts policy. Massachusetts generally disallows punitive damages in the absence of statutory authorization. Flesner v. Technical Communication Corp., 410 Mass. 805, 813 (1991) (cases collected); DeRose v. Putnam Management Co., 398 Mass. 205, 212 (1986) (authorities and cases collected). By statute it expressly prohibits punitive damages in libel actions. G.L.c. 231, §93. The New Jersey judge awarded $100,000.00 in punitive damages without explanation. In addition he awarded $750,000 in compensatory damages and $100,000 in “general damages” without explanation and upon a default judgment of liability. In Massachusetts a default admits only the allegations of the complaint and any resulting liability from those allegations; it does not admit or establish any measure of damages without independent proof of the actual amount. Productora e Importadoro de Papel, S.A. de C.V. v. Fleming, 376 Mass. 826, 832-35 (1978). Here the New Jersey papers show no actual proof of the $750,000 characterized summarily as “compensatory damages”; nor reasoning for the incremental $100,000 in less provable “general damages.” Fabian is entitled to contend that these awards may be “repugnant” to Massachusetts legal doctrine or public policy.
Finally, questions of fact and law remain whether the New Jersey damages awards afforded Fabian adequate notice for defense against the assessments and, relatedly, whether the proceedings afforded procedural and substantive due process. The corporations acknowledge that neither the New Jersey court nor they provided him with notice of the damages hearing because the governing rule of court at that time did not require it. Arguably that omission, as a matter of New Jersey law or as a matter of choice on the part of the trial court and the plaintiffs, could constitute a failure of “notice of the proceedings in sufficient time to defend” within the meaning of the Massachusetts statute, G.L.c. 235, §23A, third paragraph.
As a matter of due process (§23A, second paragraph), Fabian can claim that the New Jersey rule’s omission of a required separate notice for the damages hearing was deficient in the circumstances of this case. In particular, as a matter of due process, both procedural and substantive as applied to the circumstances of this case, the trial judge’s award of $750,000.00 in “compensatoiy damages” without any evidentiaiy basis or reasoning visible in the court record presented for enforcement presents a serious *347 issue for inspection by the court of the enforcement state. (The New Jersey final judgment consists of four pages of conclusoiy findings, rulings, and damages awards, typed upon pages captioned with the name of the plaintiffs’ law firm and signed by the judge, a format which does not promote the appearance of independent deliberation by that court.)
An additional word may be in order about the strategy, or lack of original strategy, by the defendant. Like his Roman namesake, Fabian responded all too slowly to his opponents’ offensive. He does appear to have received service and knowledge of the commencement of their New Jersey action. He chose not to join battle there and permitted their advance without his knowledge and participation, impliedly for lack of resources. That passivity has resulted in a $950,000.00judgment now brought by his opponents to his home court for enforcement. In hindsight, an early response in the foreign court would have been far more advised than the present necessity to pitch a late defense on the dangerous terrain of the foreign judgment enforcement Act. However, that tactical error does not forfeit his defenses under the statute.
In sum, the present enforcement suit presents issues of law and fact requiring a trial. Neither party has claimed a jury. The tracking system has put the case on an accelerated .course. The parties should complete discovery efficiently and prepare for trial. The claim for enforcement of a $950,000.00 default judgment in the circumstances of this case warrants that course of action and degree of care.
ORDER
For the foregoing reasons the court at this time DENIES the plaintiffs’ motion for judgment to enforce the judgment of the New Jersey Superior Court in Titan PRT Systems, Inc. and Construction Counsellors, Inc. v. Lawrence J. Fabian D/B/A Trans 21, Chancery Division; Bergen County, Docket No. C-297-95E.