Troy, J.
The Commissioner of Taxation and Finance (the “Commissioner”), in the New York State Department of Taxation and Finance, brought this action to enforce his rights in Massachusetts under a New York tax warrant issued against the defendant, Peter A. Pelletier (“Pelletier”), a Massachusetts resident, to collect unpaid taxes.

BACKGROUND

The Commissioner is the creditor of Pelletier. Pelletier presently has a usual place of business at 66 Shrine Road, Norwell, Massachusetts. On May 13, 1993, the Commissioner obtained a tax warrant by the State of New York, County of Albany, against Pelletier “individually and as a respnsible (sic) person of Extraversión Inc.” having a last known address at 66 Shrine Road, Norwell, Massachusetts. As of May 13, 1993, Pelletier was liable to the Commissioner under Warrant ID: E-006418066-W001-3, for damages in the amount of $343,364.65, which represents tax, penalties and interest due as of that date. Pelletier is also liable to the Commissioner under the same Warrant ID for interest at the statutory rate of twelve percent (12%). As of July 16, 2001, under the Commissioner’s Consolidated Statement of Tax Liabilities, the Commissioner alleges that Pelletier owes the State of New York the sum of $800,996.97.
The Commissioner seeks to enforce his rights in Massachusetts under the New York taxwarrant issued against Pelletier. Pelletier argues that the tax warrant under which the Commissioner asks this court for relief should not be enforced in Massachusetts as it has not been “reduced to a judgment.” Pelletier’s motion to dismiss is before this court.

DISCUSSION

When evaluating the sufficiency of a complaint pursuant to Mass.RCiv.P. 12(b)(6), the court must accept as true the well pleaded factual allegations of the complaint, as well as any inferences which can be drawn therefrom in the plaintiffs favor. Fairneny v. Savogran Co., 422 Mass. 469, 470 (1996). “[The] complaint should not be dismissed for failure to state a *585 claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitled him to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). “[A] complaint is not subject to dismissal if it would support relief on any theory of law.” Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979).

I. Is the Warrant a “Judgment”?

The Commissioner argues that under New York Tax Law, §1141, the court should conclude that Pelletier’s liabilities summarized in the tax warrant constitutes a “judgment” that is enforceable in Massachusetts by operation of the full faith and credit clause of the United States Constitution. U.S. CONST. Art. IV, § 1.
New York Tax Law §1141 (entitled “Proceedings to recover tax”) provides in pertinent part that:
(a) (w)henever any person required to collect tax shall fail to collect or pay over any tax, penalty or interest imposed by this article as therein provided, or whenever any customer shall fail to pay any such tax, penalty or interest, the attorney general shall, upon the request of the tax commission, bring or cause to be brought an action to enforce the payment of the same on behalf of the state of New York in any court of the state of New York or of any other state or of the United States.
(b) As an additional or alternative remedy, the tax commission may issue a warrant, directed to the sheriff of any county commanding him to levy upon and sell the real and personal property of any person liable for the tax, which may be found within the county... The sheriff shall within five days after the receipt of the warrant file with the county clerk a copy thereof, and thereupon such clerk shall enter in the judgment docket the name of the person mentioned in the warrant . . . Thereupon the amount of such warrant so docketed shall become a lien upon the title to and interest in real and personal property of the person against whom the warrant is issued ... The sheriff shall then proceed upon the warrant, in the same manner, and with like effect, as that provided by law in respect to executions issued against property upon judgments of a court of record . . . Upon such filing of a copy of a warrant, the tax commissioner shall have the same remedies to enforce the amount due thereunder as if the state had recovered judgment therefor.
New York Tax Law, §1141 (emphasis added).
The Commissioner argues that §1141 provides him with two different avenues to collect taxes from Pelletier, who has failed to pay. Id. Section (a) allows for an action to be filed in any court in the United States. Id. at (a). However, the Commissioner sought to collect this tax liability through section (b), which allows for an alternative remedy than filing suit in court. Id. at (b). Under section (b), the tax commissioner is authorized to request and obtain a tax warrant which entitles the tax commissioner to the same remedies to enforce the amount of taxes due as if the state had recovered a judgment against the debtor. Id.
This court interprets the language in section (b) narrowly and concludes that this alternative remedy provided for in section (b) only authorizes the sheriff to levy upon and sell real and/or personal property of any person liable for taxes, which may be found within the county. Here, Pelletier now resides in Norwell, Massachusetts and is no longer found within a New York county. Thus, this court cannot enforce the warrant under section (b) as a “judgment” against Pelletier.
Further, this court is persuaded by, and follows the reasoning in Shapiro, which precluded the plaintiff from recovering against a debtor defendant under a tax warrant similar to the one in this case. The City of New York v. Shapiro, 129 F.Supp. 149, 155 (D. Mass. 1954). In Shapiro, the court allowed the plaintiff to recover based upon an “administrative determination” which it found was analogous to a judgment. Id. The court’s reasoning stemmed from the fact that after the defendant attended the first administrative hearing in New York, he failed to show up again and refused to turn over materials requested by the plaintiff. Id. The tax commissioner had also obtained a tax warrant against the defendant. Id. However, the court specifically precluded recovery under that tax warrant. Id. The court concluded that the “warrants are not determinations or judgments of any kind; they are merely instructions to the equivalents of deputy sheriffs; they tell the agents receiving them what to do by way of execution, docketing, and the like.” Id.
Based on the reasoning in Shapiro, this court cannot construe the warrant against Pelletier as an enforceable “judgment” within the meaning of the full faith and credit clause, U.S. CONST. Art, IV, §1, and its implementing statute, 28 U.S.C. §1739 (1994) (commanding that full faith and credit be granted to valid “public Acts, Records and judicial Proceedings” as well as to valid State records). The facts of this case indicate that the warrant was issued against Pelletier without an administrative hearing. The Commissioner simply applied for and obtained the tax warrant. This court cannot interpret the tax warrant as a judicial determination enforceable by a sister state within the meaning of the United States Constitution.[2] See Desjardins Ducharme v. Hunnewell, 411 Mass. 711, 714 n.4 (1992) (General Law c. 235, §23A, states that “the foreign judgment shall be enforceable in the same manner as the judgment of a sister state which is *586 entitled to full faith and credit”); Cavanagh v. Cavanagh, 396 Mass. 836, 839 (1986).

II. G.L.C. 235, §23A

The Commissioner also seeks recovery in this court against Pelletier under Massachusetts G.L.c. 235, §23A. In 1966, the Commonwealth of Massachusetts adopted the Uniform Foreign Money Judgments Recognition Act, codified at G.L.c. 235, §23A. General Law c. 235, §23A (entitled “Recognition and enforcement”) provides in pertinent part that:
[e]xcept as hereinafter provided, any foreign judgment that is final and conclusive and enforceable where rendered even though an appeal therefrom is pending or it is subject to appeal shall be conclusive between the parties to the extent that it grants or denies recovery of a sum of money. The foreign judgment shall be enforceable in the same manner as the judgment of a sister state which is entitled to full faith and credit ... As used in section (1) “foreign state” means . . . any state . . .; (2) “foreign judgment” means any judgment of a foreign state granting or denying recovery of a sum of money, other than a judgment for taxes, a fine or other penalty, or a judgment for support in matrimonial or family matters.
G.L.c. 235, §23A (emphasis added).
The Commissioner argues that because this is a foreign judgment of another state and because the judgment is seeking the recovery of a sum of money, Massachusetts should and must enforce the New York judgment pursuant to G.L.c. 235, §23A. This court concludes that even assuming that the New York warrant is a final judgment, the language of G.L.c. 235, §23A, does not help the Commissioner here because the definition of “foreign judgment” expressly excludes the enforcement of a foreign judgment for taxes. Id. This action is clearly to seek the enforcement of a judgment for taxes. Thus, the Commissioner’s argument must fail.

III. Reciprocal Enforcement of Tax Liabilities

The Commissioner also may not maintain this action under G.L.c. 58, §28C. General Law c. 58, §28C, (entitled “Reciprocal enforcement of tax liabilities”) provides in pertinent part that:
[t]he courts shall recognize and enforce liabilities for taxes similar to the taxes imposed by the commonwealth and lawfully imposed by any other state, or political subdivision thereof, which extends a like comity to the commonwealth, and the duly authorized officer of any other state, or political subdivision thereof, may sue for the collection of such taxes in the courts of the commonwealth.
G.L.c. 58, §28C (emphasis added).
The Commissioner asks the court to interpret this statute broadly. The Commissioner argues that because New York generally enforces outstanding Massachusetts tax liabilities under its statute, this court should also enforce Pelletier’s tax liability. See G.L.c. 58, §28C; CLS Article 25, Sections 901, 902, and 903.
The court concludes that although New York does generally recognize Massachusetts tax liabilities, New York has expressly stated that it refuses to enforce foreign warrants as “judgments.” See Will of Dow, 390 N.Y.S. 721, 731 (1977) (“It is a recognized general rule that tax assessments issued by the administrative authorities of other states which are not reduced to judgment will not be afforded full faith and credit or comity”). Similarly, the court concludes that if the State of New York will not recognize tax assessments by administrative authorities then it would also not recognize a foreign tax warrant not reduced to a judgment.
Thus, because New York would not enforce a Massachusetts warrant as a judgment, Massachusetts is precluded by G.L.c. 58, §28C, from enforcing this New York warrant as a judgment. General Lawc. 58, §28C, provides that Massachusetts should enforce tax liabilities of states who “extend a like comity” to it. Id. Because New York does not “extend a like comity” of enforcing a Massachusetts warrant as a judgment, Massachusetts is precluded under G.L.c. 58, §28C, from enforcing the New York warrant against Pelletier as a judgment.
The court concludes that although the underlying purpose of both states enacting the reciprocal tax statutes is to help their sister states collect outstanding tax liabilities, the Commissioner is- asking this court to enforce a warrant issued without a hearing or a final judicial determination. Moreover, the Commissioner is seeking to enforce a warrant that would not be reciprocally enforced in New York for the benefit of Massachusetts. Therefore, before this court will require Pelletier to pay a ten-year-old, foreign outstanding tax liability, this court must be assured that the taxes are due and the outstanding liability amount is properly calculated.[3] The court cannot be assured of these issues without a valid judgment from the State of New York.

ORDER

For the foregoing reasons, it is ORDERED that the defendant’s motion to dismiss is hereby ALLOWED.

The court also concludes that because this is not a “judgment” enforceable by this court, the statute of limitation question raised by defendant is not yet ripe.

Pelletier disputes whether the calculation of his tax liability is correct. The court does not address this issue because the warrant is not a “judgment” properly before this court.