Fecteau, J.
INTRODUCTION
The plaintiff, William J. Caffey (“Caffey”), brought this action to enforce a default judgment entered by a Texas state court against the defendant, Bernard F. Bradstreet (“Bradstreet”). This matter is before the court on Bradstreet’s Motion for Summary Judgment on jurisdictional grounds. Caffey opposes the Motion on the grounds of waiver. For the reasons discussed below, Bradstreet’s Motion is DENIED.
BACKGROUND
Caffey filed his original petition on January 23, 1998 in 14th Judicial District Court for Dallas County against Bradstreet claiming fraud and violations of the Securities Laws of the State of Texas and the Texas Deceptive Trade Practices Act. Bradstreet was served with process while he was incarcerated.[1] Acting pro se, Bradstreet filed a motion to remove the case to federal court. On March 16, 1998, the case was removed to federal court. Bradstreet filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(2) for lack of personal jurisdiction in federal court. Without ruling on Bradstreet’s motion to dismiss the federal court remanded the case to state court on August 24, 1998. Bradstreet received notice of the remand.
On September 13, 1998, Bradstreet filed a motion to dismiss in state court based on lack of personal jurisdiction. The motion was not filed as a special appearance and Bradstreet did not request a hearing on the matter pursuant to Tex.R.Civ.P. 120(a). The case was dismissed on November 13, 1998 for lack of prosecution. Bradstreet received notice of the dismissal. On December 14, 1998, Caffey filed a motion to reinstate. Bradstreet was notified of Caffey’s motion and hearing date regarding the motion. The case was reinstated on February 8, 1999. Bradstreet received notice of the reinstatement.[2] The notice included information regarding a trial date set for March 1, 1999. Following receipt of the notice of reinstatement, Bradstreet alleges that he sent the court a motion to dismiss for lack of personal jurisdiction on February 10, 1999. No such motion appears on the docket. Bradstreet never called the court to secure a hearing on his motion to dismiss. Without a hearing or any prior ruling on Bradstreet’s September 13, 1998 or alleged February 10, 1999 challenge to its jurisdiction, the court tried the matter on March 1, 1999. The court noted that Caffey properly notified Bradstreet under Tex.R.Civ.P. 237a and that Bradstreet was not present. The court also took notice that Bradstreet had not filed an answer. The court entered a default judgment against Bradstreet in the amount of $1,650,000. Bradstreet was notified of the judgment. No appeal was taken on the judgment. Caffey later sought to enforce the default judgment in Massachusetts.
The matter is now before the court on Bradstreet’s motion for summary judgment on the grounds that the default judgment is not entitled to full faith and credit in Massachusetts as personal jurisdiction was not proper in the Texas court proceeding. Caffey opposes Bradstreet’s motion on the grounds that he waived his right to challenge personal jurisdiction under Texas law.
DISCUSSION
A. Personal Jurisdiction
Texas Rule of Civil Procedure 120a provides the procedure for a party to challenge in personam jurisdiction by sworn motion. “Such special appearance shall be made by sworn motion filed prior to motion to transfer venue or any other plea, pleading, or motion . . . [it] may be amended to cure defects.” Tex.R.Civ.P. 120a(1).
At Bradstreet’s request the case was removed from Texas state court to federal court where Bradstreet filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(2) for lack of personal jurisdiction. His removal to federal court did not waive his right to assert a special appearance. M. Antonio v. Marino, 910 S.W.2d 624, 629 (1995). “[F]iling a notice of removal is not a general appearance, but merely takes the case out of the hands of the state court." Id. citing Curry v. Dell Publishing Co., 438 S.W.2d 887, 890 (Tex.Civ.App. 1969). After the case was remanded to state court, Bradstreet filed a motion to dismiss based on lack of personal jurisdiction. The motion was not filed as a special appearance nor did Bradstreet request a hearing on the matter.
After the case was dismissed for want of prosecution and reinstated Bradstreet alleges that he filed a motion to dismiss for lack of personal jurisdiction on February 10, 1999. No such motion appears on the docket. Bradstreet requested a special appearance in the cover letter enclosed with his motion to dismiss.[3] *256 Without a hearing or ruling on Bradstreet’s challenge to its jurisdiction, the court tried the matter on March 1, 1999.
“[I]t is the specially appearing defendant’s responsibility timely to request a hearing and secure a ruling on the preliminary question of personal jurisdiction. The specially appearing defendant must not only request a hearing, but specifically call that request to the trial court’s attention.” Bruneio v. Bruneio, 890 S.W.2d 150, 154 (1994). A special appearance is waived by not timely pressing for a hearing. Id., citing Steve Tyrell Productions, Inc. v. Ray, 674 S.W.2d 430, 436-37 (Tex.App. 1984).
In the present case, Bradstreet did not specifically request a hearing before the case was initially dismissed for failure of the plaintiff to prosecute. He argues that the court failed to address his motion. However, Texas case law instructs that a court need not address a motion to dismiss based on a lack of personal jurisdiction, it is the responsibility of the party making such a contention to contact the court to schedule a hearing. Bruneio at 154. Failure to set a hearing may be construed as a waiver of the defendant’s special appearance, so that it amounts to a submission to the court’s jurisdiction. Brown v. Brown, 520 S.W.2d 571, 575 (Tex.App. Houston 1975). Bradstreet further alleges that he filed a motion to dismiss and requested a special appearance after the case was reinstated yet no such motion or request appears on the docket. Because there is no indication that Bradstreet sought to obtain a hearing in compliance with Tex.R.Civ.P. 120a on his challenge to the Texas court’s jurisdiction, he effectively waived his right to challenge the court’s jurisdiction.
“Because the requirement of personal jurisdiction represents first of all an individual right, it can, like other such rights, be waived.” Ins. Corp. of Ireland, Ltd. v. Compagnie Des Bauxites De Guinee, 456 U.S. 694, 703 (1982). A defendant may be estopped from raising the issue. Id. at 704. “The actions of the defendant may amount to a legal submission to the jurisdiction of the court, whether voluntary or not.” Id. Bradstreet’s actions resulted in a submission to the Texas court's jurisdiction. The Texas Civil Rules of Procedure were available to Bradstreet; his failure to comply with them curtailed his right to challenge its judgment on jurisdictional grounds. Id. at 705.
Moreover, Bradstreet received notice of all the proceedings in this action. He never inquired about his motion or requested a hearing to specially appear before the court in Texas to litigate his question of jurisdiction. Rather he chose the dangerous practice of allowing a default judgment ordered against him. Notably, he did not appeal that judgment. Bradstreet never availed himself of this remedy. Once a court determines it has sufficient basis for jurisdiction over a defendant and that defendant declines to further defend himself, he is precluded from defending a judgment on the grounds that the court in the first action had no jurisdiction over him. Restatement (First) of Judgments §9 (1942).
B. Full Faith and Credit
Pursuant to G.L.c. 235, §23A, “any foreign judgment that is final and conclusive and enforceable where rendered even though an appeal therefrom is pending or is subject to appeal shall be conclusive between the parties to the extent that it grants or denies recovery of a sum of money.” A foreign judgment is not conclusive if the foreign court did not have personal jurisdiction over the defendant. G.L.c. 235, §23A.
Although a foreign judgment is entitled to full faith and credit in the courts of Massachusetts, the jurisdiction of the foreign court may always be challenged in any suit to enforce such judgment. Network Personnel Services, Inc. v. Ophnet, Inc., 1992 Mass.App.Div. 129 (1992), citing Cavanaugh v. Cavanaugh, 396 Mass. 836, 839 (1986); Shapiro Equip. Corp. v. Morris & Son Constr. Corp., 369 Mass. 968, 969 (1976).
The defendant bears the burden of demonstrating that the Texas court did not have jurisdiction over him. Quinn v. Quinn, 5 Mass.App.Ct. 794, 794 (1977).There is no question here that the Texas court had personal jurisdiction over Bradstreet. He did file a motion to dismiss yet failed to secure a hearing as Texas law requires. Failure to comply with Tex.R.Civ.P. 120a results in a waiver of an objection to a court’s jurisdiction over a party. Bradstreet improperly filed his first motion to dismiss by not requesting a hearing contacting the court for a hearing. After the case was reinstated the defendant failed again to secure a hearing and thus subjected himself to the jurisdiction of the Texas court.[4]
A prevailing plaintiff in an action on an out-of-state judgment is entitled to a Massachusetts judgment for the amount of damages (including prejudgment interest and costs) awarded by the other state court in addition to interest at the Massachusetts rate from the date of the out-of-state judgment. Jordan L. Shapiro, Marc G. Perlin & John M. Connors, Collection Law §8:5, at 330-32 (2000), citing Barco Auto Leasing Corp. v. Rossi, 1992 Mass.App.Div. 116 (1992). Because the defendant has not satisfied his burden of demonstrating that the Texas court did not have jurisdiction over him but rather waived his right to challenge the Texas court’s jurisdiction due to his failure to conform with Tex.R.Civ.P. 120(a), the default judgment entered against him should be afforded full faith and credit in Massachusetts.
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendant’s Motion for Summary Judgment be DENIED.

 Bradstreet had been tried and convicted in a Massachusetts federal court of conspiring to commit securities fraud *257 under 18 U.S.C. §371; securities fraud, under 15 U.S.C. §§78j(b), 78ff(a), and 17 C.F.R. §240.10b-5; and knowingly falsifying his corporation’s books and records in an attempt to conceal his fraud under 15 U.S.C. §§78m (b)(5), 78ff(a), and 17 C.F.R. §240.13b2-2. He was serving his sentence in Allen-wood, Pennsylvania when he was served with process.

 The defendant complains that although the notice itself was dated January 28, 1999, it was not mailed from the court until February 5, 1999, as indicated by the return envelope. Nevertheless, the defendant did receive notice of the reinstatement.

 It is irrelevant here whether or not Bradstreet filed a second motion to dismiss in state court because a case is returned to the docket as if it had not been dismissed after reinstatement is granted. Alvarado v. Hyundai Motor Co., 885 S.W.2d 167, 175 n.10 (1994).

 Furthermore, the defendant did not appeal the judgment entered against him on jurisdictional grounds or any other for that matter.