Fecteau, Francis R., J.
On January 23, 1998, the plaintiff, William J. Caffey (“Caffey”), commenced a civil action in the Fourteenth Judicial District Court for Dallas County against the defendant, Bernard F. Bradstreet (“Bradstreet”). The complaint alleged violations of the Texas Deceptive Trade Practices Act and various Texas securities laws. On March 2, 2000, a judge of the Fourteenth Judicial District Court for Dallas County awarded Caffey $150,000.00 in actual damages and $1,500,000.00 in exemplary damages, as well as attorney fees and costs.
Caffey then, in March 2003, brought this action in the Massachusetts Superior Court to enforce the $1,665,000.00 judgment rendered by the Texas court. Bradstreet argued in his answer and motion for summary judgment that the Texas judgment is invalid for lack of personal jurisdiction. On December 29, 2003, this Court denied Bradstreet’s motion for summary judgment [17 Mass. L. Rptr. 255). In a memorandum of decision, this Court determined that Bradstreet submitted to the jurisdiction of the Texas court by failing to request a hearing to specially appear to contest personal jurisdiction as is required by the Texas Rules of Civil Procedure. I then concluded that the Texas judgment is entitled to full faith and credit because Bradstreet could not sustain his burden of demonstrating that the Texas court did not have jurisdiction over him in the underlying action.
Armed with the denial of Bradstreet’s motion for summary judgment, Caffey filed, on January 20, 2005, a Motion to Correct Clerical Error and For Entry of Judgment and Execution. In his motion, which the court heard on April 4, 2005, Caffey requests entry of judgment for the full damage amount awarded by the Texas court, including the $1,500,000.00 exemplary damage award. Pursuant to the G.L.c. 235, §23A a foreign judgment will not be enforced in Massachusetts if “the cause of action on which the judgment is based is repugnant to the public policy of this state.” An issue of fact, or a mixed issue of fact and law, remains regarding whether the substantial punitive damage award is repugnant to the public policy of the Commonwealth. In Massachusetts, punitive damages are generally prohibited absent statutory authorization. Flesner v. Technical Communications Corp., 410 Mass. 805, 813 (1991). Therefore, the court must inquire into the facts and circumstances of this case to determine whether the underlying action is analogous to an action in the Commonwealth for which punitive damages are authorized by statute. The decision of the Texas court offers little guidance in this regard. The court’s Final Judgment does not set forth the evidentiary or legal basis for its exemplary damage award. Rather, the Final Judgment merely states that “(t]he Court, upon hearing the evidence and reviewing the exhibits admitted determined that the plaintiff was entitled to a judgment against the defendant.” This Court is compelled as a matter of substantive and procedural due process to examine the allegations in the underlying action before enforcing the punitive damage award. See Titan PRT Systems, Inc. v. Fabian, Civ. No. 96-6559 (Suffolk Sup.Ct. January 13, 1997) (Sikora, J.), available at 6 Mass. L. Rptr. 345 (1997). An evidentiary hearing is required in order for the court to ascertain whether a punitive damage award in this case is repugnant to the public policy of the Commonwealth and therefore unenforceable.

ORDER

For the foregoing reasons, the plaintiffs Motion to Correct Clerical Error and For Entry of Judgment is hereby DENIED.