Per Curiam.
This is an appeal of a summary process decision awarding the landlord, Cyrene Barretto-Morse (“Landlord”), possession and $31,080.00, plus costs and interest, against her former tenant, Esther Laiacona (“Laiacona”). For the reasons stated below, the trial court’s judgment is affirmed.
Landlord owns two adjacent properties in Brookline.[2] In 2008, Laiacona, who had been living in one property, entered into a lease for a third-floor unit next door. The lease was to begin on September 1, and the agreed rent was $2,550.00 per month. Although the lease provided for a security deposit, Laiacona, with Landlord’s permis *142 sion, did not provide such a deposit By April, 2009, Laiacona was $480.00 in arrears on her rent. In May, 2009, she decided to begin withholding all rent, though she did not notify Landlord of this unilateral decision until July. By the time of the trial court’s decision, Laiacona was $28,530.00 in arrears.
It is agreed there were difficulties with Laiacona’s unit almost from the beginning. The situation worsened in the early spring of 2009 when Landlord began to renovate the second-floor apartment. Laiacona complained to the town health department, which found numerous code violations, which it ordered Landlord to correct. All of the violations were corrected in a timely fashion, except for the leaking roof over Laiacona’s unit, which could not be fixed while the unit was occupied. For ten days during the renovation, Laiacona stayed in a local hotel at Landlord’s expense. When Laiacona returned, the apartment was, she testified, “very clean,” almost like a brand new apartment. Nevertheless, that was the time she commenced rent withholding.
Potentially the most serious violation, and the one Laiacona stresses, was the discovery of lead particles during the renovation. Landlord complied with the town’s stop-work order and, after the inspector found proper precautions had been taken, work resumed. The building had been “deleaded” no more than five years earlier. Although Laiacona claims injury from the presence of lead in her unit, the (rial court’s findings that she did not introduce competent evidence that her child’s blood level exceeded the statutory limit for lead poisoning or any other damage resulting from the presence of lead paint are supported by the trial record.
Because Laiacona had refused entry to Landlord at the outset of the tenancy, Landlord was unable to provide a statement of conditions. Other than the leaking roof, which had been a problem for some time, Laiacona failed to prove at trial that any of the code violations in her unit were not caused by her or other persons acting under her control. Conversely, there was evidence at trial that she or her family were themselves responsible for some of the violations.
Although she had counsel at trial, Laiacona is no longer represented by counsel. She has filed numerous papers with this Division, including a number not contemplated by our Appellate Division Rules or the Rules of Appellate Procedure, actions for which she has been repeatedly warned. On the merits of this appeal, Laiacona has filed several volumes consisting of material from the trial, exhibits, proposed exhibits, and other material of varying relevance to this case. She has also filed a brief containing 36 pages of argument. Particularly in light of Laiacona’s apparent disability and her asserted financial and other challenges, there is no question that she has tried hard to comply with this Division’s rules and to educate herself about the requirements for appellate litigation. Nonetheless, it is very difficult to piece together her theory of the appeal.
1. Retaliation. Commencing a summary process action within six months of a tenant’s complaint of code violations creates a rebuttable presumption of illegal retaliation. G.L.c. 239, §2A. Since this action was commenced within six months of Laiacona’s complaint to the town, she is entitled to that presumption. The presumption can be rebutted, however, by “clear and convincing” evidence that the Landlord had an independent justification for the eviction. Id. Here, the trial court found that justification in the undisputed facts that Laiacona was already behind on her rent before she complained to the town and that by the time the action was instituted, that sum had grown to over $7,600.00. As a finding of fact, the trial judge’s conclusion on *143 this point is tested by, and clearly satisfies, the “clearly erroneous” standard of Mass. R. Civ. R, Rule 52(c), and must be affirmed.
2. Rent withholding for conditions violations. As discussed above, the trial court found that Laiacona had not met her burden of proving there were significant conditions violations attributable to Landlord that could be corrected without the unit being vacated. General Laws c. 186, §19 gives a landlord a reasonable time to correct unsafe conditions once it receives notice. The record supports the trial judge’s finding that Landlord did so here. Again, as a finding of fact, the conclusion that this claim is without merit satisfies the clearly erroneous test.
3. Broken hall light. The trial court correctly rejected Laiacona’s claim under G.L.c. 186, §14 relating to the persistent broken hallway light. The evidence supports the judge’s express finding that Landlord promptly repaired the light every time she was made aware of the problem, as well as the trial judge’s implicit finding that it was Laiacona or a family member who caused the problem by physically removing good bulbs and substituting broken ones in their place.
4. Lead paint. The lead paint issue is potentially the most serious. Unquestionably, exposing a child to lead paint is dangerous and a clear violation of a landlord’s duty to provide safe accommodations. Here, there was evidence that lead paint was found in the hallway adjacent to Laiacona’s unit. But the strict liability provision of G.L.C. Ill, §199 (a) is, as the trial judge held, limited to lead damage proven to have resulted from that breach. The judge concluded, as a matter of fact, that there was no admissible evidence in the record that Laiacona’s child had an elevated blood-lead level. That factual finding, confirmed by our own review of the record, is fatal to the claim for strict liability.
Laiacona’s claim for relief under the negligence branch of the statute also must fail because, as the trial judge found, the record demonstrates that Landlord acted promptly and effectively to deal with the lead violations once the town notified her.
5. Miscellaneous evidentiary and other rulings. Laiacona also challenges a number of evidentiary rulings the trial judge made sustaining objections to evidence her trial counsel sought to introduce. To the extent Laiacona has identified specific objections, they appear to involve either improper leading questions, potential hearsay, or testimony lacking foundation. Such questions are the daily grist of trial practice and the trial judge’s rulings have not been shown to have been in error or to have fallen outside the considerable discretion given to atrial judge’s evidentiary rulings in civil bench trials. See Mazzoleni v. Cotton, 33 Mass. App. Ct. 147, 150-151 (1992). Nor has Laiacona shown any significant prejudice caused to her by any of the rulings she challenges. See Cormier v. Grant, 14 Mass. App. Ct. 965 (1982).
Finally, it appears Laiacona objects to the trial judge’s allegedly consistent practice of crediting Landlord’s witnesses over her witnesses. But such a pattern, even if it had been more clearly shown, demonstrates nothing more than what a trier of fact is authorized to do, namely, decide whom to believe and what to believe. The trial judge heard the parties here, both Laiacona and Landlord, and exercised her discretion as to which of them was more credible. See Millennium Equity Holdings, LLC v. Mahlowitz, 456 Mass. 627, 636-637 (2010). We have no basis to second guess those judgments.
Judgment affirmed.[3]

 The discussion of facts is taken from the trial court decision, which finds ample support in the trial record and from undisputed evidence found in that record.

 Landlord’s request for costs and appellate attorney’s fees is denied.